RALPH DAY *versus* CHARTER OAK F. & M. INSURANCE CO.

D. received a deed, absolute in form, of certain real estate, to secure him against loss for liabilities he had assumed or might assume for the grantor; he afterwards gave him a written agreement to re-convey, if he should be indemnified. The property was insured by D. without disclosing the nature of his interest therein; — one of the conditions in the policy being, that "property held in trust" — to include that "held as collateral security" — must be insured as such: — *Held*, in an action on the policy, that the property was held by D. as collateral security and therefore "held in trust," within the meaning of the policy.

Where, by the terms of a policy, it is to be void if the assured does not show that he has accurately represented the nature and extent of his interest in the property insured, if there are several different parcels, valued separately, — one of which he held as collateral security, and another, he had no interest in — his omission to disclose these facts is fatal to his right to recover for any portion of the property covered by the policy.

EXCEPTIONS from the ruling of DAVIS, J.

This was an action on a policy of insurance. The general issue was pleaded and joined. The execution of the policy, the burning of the property during the life of the policy, and the preliminary proofs of loss, were admitted.

It appeared by testimony introduced by the plaintiff, that he did not own at the time when the policy was issued the following articles described in it, and he did not claim to recover therefor : — "Press cutter, gearing, belting and shafting, steam pipe and fixtures for warming mill, fire pumps and hose and gearing."

In defence it was insisted that, the plaintiff was not entitled to recover for any loss, because it appeared from the application made by the plaintiff for the insurance, that he stated in it, that among other insurances on the property, was one of $2500 at the Kensington, on fixed machinery, and it appeared from plaintiff's own statement of loss to the Kensington company that one of the items or articles insured by that company was "fixed machinery, shafting, &c." It appeared in testimony, that the plaintiff, at the time of effecting this insurance, was not the owner of the "press cutter, gearing, belting and shafting" named above. In relation to this matter the jury were instructed that, if the plaintiff failed to prove that he was the owner of all the property described in each separate item, which was in part owned by him, he would not be entitled to their verdict, but, as it appeared that he did not own and did not claim to recover for any part of the item including shafting, the defence on this ground failed. It was also contended in defence, that plaintiff could not recover because it appeared by plaintiff's own testimony that he was not at the time the owner of all the property insured. The jury were instructed that he might recover for the loss on such items as were separately valued and wholly owned by him, if they were satisfied that he owned all of each separate article or item which he claimed to own, although he did not own the whole named in the policy. It appeared on testimony, that Josiah F.

Day conveyed to the plaintiff the paper mill in which the property insured, so far as personal, was placed, and other real estate, by deed dated March 17, 1859, and received a contract from the plaintiff for a reconveyance of that estate upon certain terms therein named, dated April 12, 1859. The defendants contended that, from this deed and contract, it appeared that the real estate insured, consisting of "bleach. room and building attached," was held in trust, as explained in note to the third condition of insurance named, as annexed to and making part of the policy." It appeared that the bleach room and building attached were themselves erected upon the land and adjoining to the principal mill. The jury were instructed that the plaintiff did not hold that portion of the real estate insured "in trust" within the terms and meaning of the policy, and that the defence on this point also failed.

The verdict was for the plaintiff, and the defendants excepted to the instructions of the Court.

*Shepley & Dana,* in support of the exceptions :—

Three points are presented by the exceptions.

*First.*—It appears in the policy that the "press cutter, gearing, belting and shafting" in the paper mill, were insured. It was stated in the application for insurance, in answer to the 26th question,—" what amount is now insured on the property, in what offices, and for whose account?" " 2500, in the Kensington, on fixed machinery," making no disclosure that shafting was there insured. That insurance was in fact, as it appears by exceptions, on "fixed machinery, *shafting,*" &c. There was therefore an insurance, in the Kensington company, on shafting, not disclosed to the Charter Oak company.

. The jury were instructed that, as it appeared in testimony that the plaintiff "did not own, and did not claim to recover for any part of the item including shafting, the defence on this ground failed."

The plaintiff caused the shafting to be insured as his own

property, and it was so insured, and he concealed the fact that it was then insured by the Kensington company. The policy in this case declares—" and this policy is made and accepted upon and in reference to the application, * * * and the terms and conditions hereunto annexed." Reference was made in the policy to the application. The application, therefore, becomes part of the policy, and the statements made in it are warranties. *Williams* v. *New England Mut. Fire Ins. Co.*, 31 Maine, 219 ; *Philbrook* v. *same*, 37 Maine, 137. The plaintiff cannot recover without a strict compliance with them. *Battles* v. *York County Mut. Fire Ins. Co.*, 41 Maine, 208 ; *Farmers' Ins. and Loan Co.* v. *Snyder*, 15 Wend. 481 ; *Kennedy* v. *St. Lawrence M. Ins. Co.*, 10 Barb., 285.

It is admitted that there was no compliance in this case ; the instructions did not require it. The excuse presented and adopted by the instructions, is, that the defendants were not injured by it. That is not a valid excuse. If it were, the burden in all cases would be imposed upon the insurer to prove that he had been injured by non-compliance with a warranty. This, in most cases, he could not do. The law does not require that he should. To hold that the insured may recover without a compliance with his warranty, when the insurer has not been injured thereby, is to make an entire change in the law of insurance, and one productive of great litigation and mischief, to ascertain whether a want of good faith and a failure to comply with a warranty by one party, has been injurious to the other party. Among the first conditions on which the policy was issued, is this— "If any person insuring any property at this office shall make any misrepresentation or concealment * * * such insurance shall be void and of no effect." It is no part of this condition that such misrepresentation or concealment should prove to be injurious to the company.

The fifteenth condition requires that the plaintiff should show the truth of all statements and warranties before he

can recover, without regard to their materiality or injurious effect.

*Second.*—It appeared that the plaintiff did not own all the property insured by the policy; that the premium was single for a risk of $1700, on all the property specifically enumerated with *videlicet* stating the value of each separate item.

The jury were instructed that, "if they were satisfied that he owned all of each separate article or item which he claimed to own, although he did not own the whole named in the policy, he might recover for the loss on such items as were separately valued and wholly owned by him."

Here is a false representation, "or misrepresentation, or concealment" respecting the ownership of the property in violation of the first of the conditions which in such case declares the policy void. The fact that there was a separate valuation of each item cannot change the aspect of the case.

"The insured must represent truly his interest in the property insured or his policy will be void." *Battles* v. *York County M. F. Ins. Co.*, 41 Maine, 217.

In the case of *Lovejoy* v. *Augusta M. F. Ins. Co.*, 45 Maine, 472, the plaintiff procured insurance of $250 on his store and $500 on goods in it. He did not own the store. Let it be noticed that there was a separate valuation and insurance on different descriptions of property, as in the present case. And yet the decision was, "the contract of insurance was entire, and the representation by the plaintiff in his application for insurance, of his ownership of the store, being a material fact, and being false, the policy was therefore void."

The truthfulness of the representation respecting the ownership of the store, could be of no greater importance and could have no different effect than one respecting any other property insured by the policy. The fifteenth condition requires that, "in any suit or action the plaintiff must show the truth of all statements and performances of all terms, conditions and warranties, before he can recover."

*Third.* — It appears that the plaintiff, by a contract bearing date on April 12, 1859, engaged to reconvey the real estate, including the paper mill named in the application, conveyed to him by Josiah F. Day, on March 17, 1859. And in that contract the plaintiff declares "said conveyance was made to me with the intent and purpose of indemnifying and securing me for sundry advances heretofore made and hereafter to be made by me to the said Josiah F. Day, and to protect and save me harmless from all liability on any negotiable paper to which I have heretofore or may hereafter become a party at the instance and for the accommodation of the said Josiah F. Day." This was "property held in trust." Not in trust as the law would regard it. But in trust as the parties in a note to the third condition have declared the meaning of these words as used by them. As defined by them, those words include "property held as collateral security." This is declared in the contract to be held "as security aforesaid," and it becomes at law collateral to the contracts made by Josiah F. Day to pay the plaintiff all money advanced by him, and to save him harmless from his indorsements.

The third condition provides that property held in trust must be insured as such, "otherwise the policy will not cover it." The "bleach room and building attached" were insured. The case finds that these were "erected upon the land and adjoining the principal mill."

"The jury were instructed that the plaintiff did not hold that portion of the real estate insured 'in trust' within the terms and meaning of the policy, and that the defence on this point failed."

If he held it as collateral security the instructions were erroneous.

The property must be held as collateral security in all cases where the party holding it has other means to which he may resort in the first instance and by the use of which he may obtain a judgment against his debtor.

Such was the condition of the plaintiff in this case. The

contract to reconvey, and the declarations contained in it, show that the real estate was held as collateral security as plainly as it would have done if it had been stated in words.

*Rand, contra.*

The answer to the 26th question was not erroneous in omitting to state that there was other insurance (in Kensington Co.) on the *shafting:* — Shafting in Kensington Co. is *shafting of fixed machinery*, while shafting in this policy is *shafting of press cutter.* But, as the plaintiff did not own and does not claim to recover for item of "press cutter and shafting," if there be any error, it is immaterial, and the instruction was correct.

As the property was insured *in lots or items* — each item by itself — and a particlar sum in each item, the instruction on that point was correct.

The case in 45 Maine, 472, and cases there cited, are based upon *misrepresentations*, and are cases of mutual insurance companies, and liens. In this case there is no representation that plaintiff owned *all the property in the policy.* It does not appear in any part of the case that the "bleach room," &c., were so constructed as to constitute them *real estate;* and plaintiff's assignment of April 12, 1859, applies only to *real estate.*

But plaintiff did not hold the property "in trust" in the sense in which those words are used in the policy. He held by an *absolute warranty deed* dated long before the agreement. This point affects only this item.

The opinion of the Court was drawn up by

WALTON, J. — The plaintiff's right to indemnity under his policy is not absolute but conditional. One of the conditions is, that "property held in trust," — which term, as therein used and explained, includes "property held as collateral security," — must be insured as such; otherwise, the policy will not cover it; and one of the questions presented is, whether any portion of the property included in

the plaintiff's policy was thus held by him at the time he obtained his insurance.

On the 17th of March, 1859, Josiah F. Day conveyed to the plaintiff certain real estate, including a portion of the property covered by the plaintiff's policy, and, on the 12th of April following, took from the plaintiff a writing, in which he says:—"said conveyance was made to me with the intent and purpose of indemnifying and securing me for sundry advances heretofore made and hereafter to be made by me to the said Josiah F. Day, and to protect and save me harmless from all liability on any negotiable paper to which I have heretofore or may hereafter become a party, at the instance and for the accommodation of the said Josiah F. Day. Now, therefore, I do hereby acknowledge and declare that I hold said property as security aforesaid." He then promises and agrees that, upon payment of such sums as he shall have thus advanced, or paid on account of the notes, &c., he will reconvey the premises to said Josiah F. Day, or to such other person as he may appoint. It is not denied that the facts are correctly stated in this writing, nor is it pretended that the plaintiff held the property by any other title than as therein stated at the time he obtained his insurance.

The deed conveying this property to the plaintiff being upon its face absolute, the Court might not admit parol evidence to show that the property was held as security merely; but here is a writing signed by the plaintiff, in which he acknowledges and declares that the property is so held by him; and, if he should be indemnified against the negotiable paper referred to, and his debt paid, without recourse to the property thus held, he would then hold the property as a mere naked trustee, without consideration; and, if applied to for the purpose, this Court would be obliged to take notice of the fact, and compel him to reconvey it to Josiah F. Day, or such person as he might appoint, according to the agreement. The fact is legally established by the writing, and it seems impossible to escape the conclusion that

Day v. Charter Oak F. & M. Insurance Co.

this property was held by the plaintiff as collateral security; and was therefore "held in trust," within the meaning in which that term is used and explained in the third article of the conditions which were annexed to and made part of the plaintiff's policy. The last clause in that article is as follows:—"Note.—By 'property held in trust,' is intended, property held under a deed of trust, or under the appointment of a court of law or equity, *or property held as collateral security; in which latter case this company shall be liable only to the extent of the interest of the assured in such property;*" and the fourteenth article provides for an assignment to the company of the interest of the insured in property so held, in certain cases, if required, together with the debt or payment secured thereby. Therefore the fact, that the plaintiff held this property as collateral security, was important to the defendants, and should have been stated in the plaintiff's application.

It is admitted that a considerable portion of the property included in the plaintiff's policy was not owned by him; and another question presented is, whether he can recover for such portions of it as he did own, and was valued separately in the policy.

It is a well settled principle that, when required by the terms of the policy, the insured is bound to show that he has stated truly and accurately the nature and extent of his interest, or his policy will be void. One reason for this, in respect to mutual companies, is, that they have a lien on the property to secure the premium notes; but this is not the only reason, and the principle has been applied to cases where no such lien existed; and to cases where the policy covered different parcels of property, valued separately, and the omission to state the true title and interest of the insured applied only as to part of the parcels. It is always material to the insurer to know what the interest of the insured is; for if valid policies could be obtained without interest, or for an amount far exceeding the interest of the insured, without disclosing the fact, such risks would be ex-

tremely hazardous by reason of the temptation which such policies would hold out to a wilful burning of the property.

Besides ; insurers have a right to determine for themselves what facts are material to be disclosed, and upon what terms and conditions they will insure property ; and when a risk has been assumed upon the express condition that the title or interest of the insured has been truly and accurately stated in the application, it would not only be in violation of well settled rules of law, but contrary to the plainest dictates of an enlightened morality, for the Court to disregard the condition and extend the liability of the insurers to a risk which they never agreed to assume.

The third article of the conditions which are annexed to and made part of the policy now under consideration, requires "the true title of the insured and the extent of his interest" to be represented to the company and so expressed in the policy, in writing, otherwise the insurance shall be void ; and the fifteenth article provides that, "in any suit or action, the plaintiff must show the truth of all statements, *and performance of all terms, conditions and warranties, before he can recover.*" These, by the express terms of the policy, are conditions precedent to the plaintiff's right to recover, and yet they have not been performed. The plaintiff did not represent his true title and the extent of his interest to the company as required, and has not, therefore, shown a "performance of all terms, conditions and warranties" necessary to entitle him to recover. One portion of the property included in his policy, (the bleach room and building attached,) of the estimated value of three hundred dollars, was held by the plaintiff as collateral security, but was not so represented to the defendants, or insured as such ; and another portion of the property included in his policy, (the press cutter, gearing, belting and shafting ; steam pipe and fixtures for warming the mill ; fire pumps and hose and gearing,) of the estimated value of three hundred and fifty dollars, the plaintiff had no interest in. These omissions are fatal to the plaintiff's right to re-

cover for any portion of the property included in his policy. *Battles* v. *Ins. Co.*, 41 Maine, 217; *Lovejoy* v. *Ins. Co.*, 45 Maine, 472; *Richardson* v. *Ins. Co.*, 46 Maine, 394; *Gould* v. *Ins. Co.*, 47 Maine, 403; *Davenport* v. *Ins. Co.*, 6 Cush., 340; *Smith* v. *Ins. Co.*, 25 Barb., 497; *Patten* v. *Ins. Co.*, 38 N. H., 338.

*Exceptions sustained* —

*Verdict set aside and New Trial granted.*

Rice, Cutting, Davis, Kent and Dickerson, JJ., concurred.