ÆTNA INSURANCE COMPANY v. CHARLES RESH.

*Insurance—Divisibility of contract for insurance.*

An insurance policy, covering both real and personal estate is not to be held a divisible contract, part of which may remain in force though the rest be invalid, where it is not perfectly clear that the insurer would have assumed both risks separately.

Error to Kent.   Submitted June 8.   Decided June 16.

ASSUMPSIT on insurance policy.   Defendant brings error. Reversed.

*Norris & Uhl* for plaintiffs in error.   The weight of authority is against the divisibility of insurance contracts: *Gottsman v. Ins. Co.* 56 Penn. St. 210 ; *Fire Association v. Williamson* 26 Penn. St. 196 ; *Firemen's Ins. Co. v. Assum* 5 Md. 165 ; *Bowman v. Ins. Co.* 40 Md. 620 ; *Moore v. Virginia F. & M. Ins. Co.* 28 Grat. 508 ; *Friesmuth v. Ins. Co.* 10 Cush. 587 ; *Brown v. Ins. Co.* 11 Cush. 280 ; *Treadway v. Ins. Co.* 29 Conn. 68 ; *Hinman v. Ins. Co.* 36 Wis. 159 ; *Barnes v. Ins. Co.* 51 Me. 110 ; *Patten v. Ins. Co.* 38 N. H. 338 ; *Plath v. Minnesota Farmers' Mut. F. Ins. Ass'n* 23 Minn. 479 ; *Wilson v. Herkimer County Mut. Ins. Co.* 6 N. Y. 53 : contra, *Merrill v. Ag. Ins. Co.* 73 N. Y. 452 ; *Hartford Ins. Co. v. Walsh* 54 Ill. 164 ; *Phœnix. Ins. Co. v. Lawrence* 4 Ky. 9 ; *Koontz v. Ins. Co.* 42 Mo. 125.

*Simonds & Fletcher* for defendant in error, as to the divisibility of the insurance contract, cited : *Loehner v. Home Mut. Ins. Co.* 17 Mo. 247 : 19 Mo. 628 ; *Clark v. New England Ins. Co.* 6 Cush. 342 ; *Date v. Ins. Co.* 14 U. S. 548 ; the divisibility of a contract depends partly upon whether the parties would have entered into it if it were so construed : *Young Mnfg Co. v. Wakefield* 121 Mass. 91 ; *Clark v. Baker* 5 Met. 452 ; *Morse v. Brackett* 98 Mass. 205 ; *Mansfield v. Trigg* 113 Mass. 350 ; *Coburn v. Hartford* 38 Conn. 290 ; *Shinn v. Bodine* 60 Penn. St. 182 ; a contract is

severable if its consideration can be distributed: *Johnson v. Johnson* 3 Bos. & P. 162; *Miner v. Bradley* 22 Pick. 457; *Lucesco Oil Co. v. Brewer* 66 Penn. St. 351; *Robinson v. Green* 3 Met. 159; *Pelton v. Minot* 7 Allen 412; *Perkins v. Hart* 11 Wheat. 237; *Dibol v. Minott* 9 Ia. 403; May on Ins. § 278.

MARSTON, C. J. This case now comes before the court upon the same showing as when here before, with the addition that evidence was introduced tending to show the rate per cent. at which the property was insured, and the ruling of the court that under such evidence the policy was divisible, and that a recovery might be had for the personal property lost. The prior decision will be found in 40 Mich. 241. As was said when the case was here before, reference was made in the policy to a written application which was declared to be a warranty, and the policy was to be avoided for any omission to make known a material fact. The false representations related to the title of the insured to the real estate and encumbrances thereon.

There is a conflict in the authorities as to the right to recover in cases like the present. That there may be cases where the contract would be divisible, and where the fact that the policy might be rendered void as to a part would not affect the whole, we do not question, and what may here be said must not be understood as going beyond the facts of this case as presented us.

Here the false statements which avoided the policy as to the buildings were made before the policy was issued. The personal property was in the same building. If it was for the interest of the insured to cause or suffer a loss of the building, because he had not the interest therein he had represented, it would we think be idle to say that such fact would not increase the risk upon the personal property in such building. It would be very unsafe therefore to assume that the company would have taken a risk upon the personal property, separate from the building, and therefore, because the rate and the amount insured upon the personal can be

separated from that on the building, to hold that the contract is divisible. That the company would have taken a risk upon the personal property alone, to a like amount and at the same rate, we may assume, even with full knowledge that the insured had no title to the building; but it would be hazardous to assume that with such knowledge the company would have written upon both the personal property and the building, so that upon the whole policy the insured would be more interested in a loss of both than in their protection. It was declared in this policy that the omission to make known a material fact should render it void, and we cannot say that the false representation was not material as to both the real and personal property. The case should be clear and free from all reasonable doubt to warrant a court in carving out separate and distinct contracts from one common whole. The authorities upon this question are collected and cited in the briefs of counsel.

Upon the facts presented there can be no recovery, yet we can but reverse the judgment with costs and order a new trial.

The other Justices concurred.