THOMAS SOUTHWICK *vs.* ATLANTIC FIRE & MARINE
INSURANCE COMPANY.

Worcester. Oct. 6. — 20, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

A description, in a policy of insurance, of the ownership of property as " his frame
dwelling-house," by an assured whose only title thereto is under a quitclaim
deed from a second mortgagee of the property, avoids the policy under a clause
providing that, " if the interest of the assured in the property be any other than
the entire, unconditional and sole ownership of the property for the benefit of
the assured, the policy shall be void."

If a second mortgagee of property, who is also a co-assignee in bankruptcy of the
estate of the mortgagor, makes a quitclaim deed of the property to a third per-
son, this constitutes the latter an assignee of the second mortgage, and does not
pass the interest of the grantor as co-assignee in bankruptcy; and the equity of
redemption remains in the assignees in bankruptcy.

DEVENS, J.   This is an action on a policy of insurance, by
which the defendant insured Margaret Hale against loss or dam-
age by fire to the amount of four hundred dollars, " on her
frame dwelling-house," in Worcester, payable in case of loss to
the plaintiff, who was in fact the holder of a first mortgage on
the house, although he is not described as such in the policy.
The fourth clause of the policy provided that, " if the interest of
the assured in the property be any other than the entire, uncon-
ditional and sole ownership of the property for the benefit of the
assured, the policy shall be void."

Upon the facts as they appeared as to Mrs. Hale's title and
ownership of the property, the presiding judge ruled that the
action could not be maintained on account of the erroneous
statement thereof.   Where one represents himself as the entire,
unconditional and sole owner of property, and it is insured on
that condition, it being clearly stipulated that, if he is not, the
policy shall be void, the insurers can only be bound by their
contract as they have made it.   The inquiry is therefore pre-
sented whether the title or claim which Mrs. Hale had to this
property was that of " entire, unconditional and sole owner-
ship."

The policy was for a period of three years from November 28,
1878.   Nathan S. Hale owned this estate, subject to two mort-
gages, on January 18, 1876, and, having become bankrupt, Joel

Knapp and Samuel Utley were regularly appointed his assignees in bankruptcy. On October 16, 1876, Knapp, who was not only one of the assignees in bankruptcy, but a second mortgagee by virtue of a mortgage which covered the property in question together with other property, made a quitclaim deed of this estate to Mrs. Hale. This deed did not by its terms convey or purport to convey the interest which Knapp had as co-assignee in bankruptcy. The power to sell vested in the assignees jointly, and was only to be exercised under the order and direction of the court. U. S. Rev. Sts. § 5066. Its only intent and effect were to convey the right which Knapp individually had in the property, and, although in form a quitclaim deed, it would operate to make Mrs. Hale the assignee of the second mortgage which Knapp then held. *Hunt* v. *Hunt*, 14 Pick. 374. *Welch* v. *Priest*, 8 Allen, 165. *Crosby* v. *Taylor*, 15 Gray, 64. The equity of redemption remained with the assignees.

In *Jenkins* v. *Quincy Ins. Co.* 7 Gray, 370, it was held that representations, in answer to questions in an application to a mutual insurance company for insurance on buildings, that the premises were owned by the applicant and were unincumbered, when in fact he was only a mortgagee, avoided the policy, under a by-law of the company (to which the policy and application were subject) providing that, unless the applicant should make a true representation of his title and interest in the property, and also of all incumbrances, and the amount and nature thereof, the policy should be void.

Mrs. Hale had undoubtedly an insurable interest in the premises, but she could not truly represent that she was the entire, unconditional and sole owner thereof. Before she could become so, she must necessarily obtain or remove the title of the owners of the equity of redemption, and that of the holder of the first mortgage. It is not important that she was actually in possession by a tenant. Her title was defeasible upon the payment of the debt secured by the second mortgage, and, even if she had remained in possession for a sufficiently long time and under such circumstances as to foreclose it, there would still have been a title superior to her own in the holder of the first mortgage, which she could only defeat by payment of the debt due thereon. The possibility that one may become the owner of property, or

have the right to become so on certain terms or conditions, is quite different from actual ownership. *Exceptions overruled.*

*B. W. Potter,* for the plaintiff.

*F. P. Goulding,* for the defendant.