[No. 9,417. Department One.—January 19, 1885.]

# F. H. McCORMICK AND F. N. DELANOY, Respondents, v. THE SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, Appellant.

Fire Insurance — Insurance by Factor — Incorrect Statement as to Ownership — Estoppel.—The defendant insured against loss by fire a stock of goods, the property of a corporation in which the plaintiffs were stockholders. The plaintiffs held the goods as security for advances made to the corporation. The application of the plaintiffs described the property as their own. The policy referred to the application, and made it a part thereof, and the statements therein warranties, and provided that if the assured was not the sole, absolute, and unconditional owner of the property insured, and such interest were not truly stated in the policy, then the policy should . be void. *Held*, that the policy was invalid, and that the insurers were not estopped to deny its invalidity, because they did not assert it immediately after the loss, when they discovered the true nature of the plaintiffs' interest.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*Wm. M. Pierson*, for Appellant.

The policy was void, for the reason that the assured were not the sole, absolute, and unconditional owners of the property. (Civil Code, §§ 2611, 2607; *Southwich* v. *Atlantic F. M. Ins. Co.*, 133 Mass. 457; *Lasher* v. *St. Joseph &c. Ins. Co.*, 86 N. Y. 424; *Mers* v. *Franklin Ins. Co.*, 68 Mo. 127; *Rohrbach* v. *Germania Fire Ins. Co.*, 62 N. Y. 47; *Pierce* v. *Empire Ins. Co.*, 62 Barb. 636; *Lasher* v. *Northwestern Ins. Co.*, 57 How. Pr. 222; *Etna Ins. Co.* v. *Resh*, 40 Mich. 241; *Miller* v. *Amazon Ins. Co.*, 46 Mich. 463; *Wineland* v. *Security Ins. Co.*, 53 Md. 276; *Farmville Ins. Co.* v. *Butler*, 55 Md. 234; *Waller* v. *Northern Assurance Co.*, 2 McCrary, 637; *Porter* v. *Etna Ins. Co.*, 2 Fleppin, 100; *Catron* v. *Tennessee Ins. Co.*, 6 Humph. 176; *Philips* v. *Knox Co. Ins. Co.*, 20 Ohio, 174.)

The facts relied on by the respondent do not constitute a waiver or an estoppel. The agent of the company had no authority to waive any of the conditions of the policy, except by a written indorsement on the policy. (*Walsh* v. *Hartford Fire Ins. Co.*, 73 N. Y. 9; *Waynesboro Mut. F. Ins. Co.* v. *Conover*,

98 Penn. St. 384; *Marvin* v. *Universal Life Ins. Co.*, 85 N. Y. 278; *Shuggart* v. *Lycoming Fire Ins. Co.*, 55 Cal. 408; *Gladding* v. *Ins. Ass.*, 66 Cal. 6; *Carson* v. *Jersey City F. Ins. Co.*, 43 N. J. L. 300; *Rokes* v. *Amazon Ins. Co.*, 51 Md. 512; *Ewald* v. *Northwestern M. L. Ins. Co.*, 19 N. W. Rep. 513.) The breach of warranty as to ownership was one which existed at the moment the policy was executed, and parol evidence of a waiver would be varying a written contract by parol. (*Batchelder* v. *Queen Ins. Co.*, 135 Mass. 449; *Barrett* v. *Union Ins. Co.*, 7 Cush. 175; *Holmes* v. *Charlestown Mut. F. Ins. Co.*, 10 Metc. 211; *Fuller* v. *Phœnix Ins. Co.*, 61 Iowa, 350; *Pindar* v. *Resolute Fire Ins. Co.*, 47 N. Y. 114; May on Ins., § 507.)

*John H. Dickinson,* for Respondents.

McKinstry, J.—The policy of insurance on which this action was brought contains the covenants:

" If the assured is not the sole, absolute, and unconditional owner of the property insured, * * * and the interest of the assured be not truly stated in the policy, * * * then and in every such case the policy shall be void.

" If an application * * * is referred to in this policy * * * such application * * shall be considered a part of this policy and a warranty by the assured; and if the assured, in a written or verbal application, makes any erroneous misrepresentation, * * * then and in every such case this policy shall be void."

The plaintiffs' application for the insurance was " on their stock of manufactured manilla paper, while contained in the round brick warehouse in the rear of their paper-mill building," etc.

The evidence showed that the insured property was the property of the " Lick Paper Company," a corporation; that the plaintiffs were stockholders of the Lick Paper Company to the extent of one-half of the capital stock, and that they held a power of attorney representing the other half; that plaintiff McCormick was president, and plaintiff Delanoy was secretary, of the corporation; that the plaintiffs were commission merchants, and sold the product of the corporation on a commission of five per cent., and that they held such product as security

for advances made by them to the corporation, which advances varied from time to time; and at the time of the loss they amounted to about $20,000.

And it further appeared that the corporation, at the time of the loss, was solvent, and plaintiffs had other security for their advances.

On this evidence the defendant moved for a nonsuit, on the ground that the evidence showed " that plaintiffs were not the sole, or absolute, or unconditional owners of the property insured, and the nature of their interest did not appear either in their application for insurance nor in the policy itself."

The court below erred in denying the motion for nonsuit.

The most that can be claimed on the part of the respondents is, that they were stockholders in the corporation that owned the insured property, and that they were also commission merchants, holding the property as security for advances.

Under neither of these aspects, nor under both combined, were they the " sole, absolute, and unconditional owners of the property insured." Their application and the policy, however, represented them to be such owners. The contract between the appellant and respondents provided that if they were not such owners, and their interest should not be truly stated in the policy, then the policy should be void.

The Civil Code provides, section 2611: " A policy may declare that a violation of specified provisions thereof shall avoid it, otherwise the breach of an immaterial provision does not avoid the policy." The same code, section 2607, provides that " a statement in a policy of a matter relating to the person or thing insured, or to the risk as a fact, is an express warranty thereof."

The policy makes the representation as to the ownership of the property a warranty. If it should be conceded that plaintiffs had an insurable interest, that fact would have no effect upon the determination of the question here presented. The statement in the application of plaintiffs, that the property was " their " property, is a statement that they were the only absolute, and unconditional owners of it. (*Southwick* v. *Atlantic F. & M. Ins. Co.*, 133 Mass. 457; *Lasher* v. *St. Joseph F. & M. Co.*, 86 N. Y. 424; *Mers* v. *Franklin Ins. Co.*, 68 Mo. 127; *Rohrback* v. *Germania F. Ins. Co.*, 62 N. Y. 47.)

It is contended by respondents that the defendant " waived " the warranty, or is estopped from asserting that plaintiffs were not the only, absolute, and unconditional owners of the property, by reason of facts occurring after the fire.

The facts claimed to be established by the evidence, on which respondents rely as proving such " waiver " or estoppel, may be stated as follows:

On the day after the fire, Mr. Easton, of Jacobs & Easton (general agents of defendant), and Mr. Fenn, their adjuster, called at the office of plaintiffs, and looked over the inventory of what stock they had on hand. On the day following, the plaintiff, McCormick, gave to Fenn a memorandum of property destroyed, and assisted him in ascertaining the loss. Easton and Fenn were told the exact conditions under which plaintiffs held the paper, and that the Lick Paper Company at that time owed plaintiffs $20,000. They were told that the property was held on consignment. Fenn, who was authorized to act for J. & E., afterwards asked one of the plaintiffs to come to the office of Jacobs & Easton to be settled with. The only question in dispute, before the commencement of the action, was the amount of the loss—appellant claiming it was not bound to pay for " paper bags," but offering to pay all else; and respondents claiming that paper bags were covered by the policy. An affidavit, prepared by appellant's agents, was, at' their request, signed and sworn to by plaintiff, McCormick, on July 11th, four days after defendant knew the nature of appellants' interest in the property, which stated : That he and his partner were stockholders in the Lick Paper Mill Company, one being its president, and the other its secretary. That they were the agents of the company, making advances to it, and receiving as security therefor the manufactured article ; that the manufactured paper was stored in the company's warehouse (where the fire took place), until such time as McCormick & Delanoy could place it in the market ; that such advances were made upon the report of the superintendent of said mill ; that the quantity of paper was manufactured, and is contained in said warehouse, etc., (proceeding with a full statement of plaintiffs' interest in and relation to the property).

The facts above recited did not constitute an estoppel upon de-

fendant. " To constitute an estoppel there must be such conduct on the part of the insurers as would, if they were not estopped, operate as a fraud on the party who has taken, or neglected to take, some action to his own prejudice in reliance upon it. * * * Where no act has been done or left undone by the insured, in reliance upon the action or non-action of the insurer, there can be no estoppel." (May on Ins., 507; *Security Ins. Co.* v. *Fay,* 22 Mich. 467.)

The facts above recited could not and did not induce the plaintiffs to take any action to their own prejudice. As to waiver, the policy contains an express covenant that no officer of the company defendant shall be held to have waived any of its terms and conditions, unless the waiver shall be endorsed thereon in writing.

Judgment and order reversed, and cause remanded for new trial.

MORRISON, C. J., and McKEE, J., concurred.