J. W. McCoy v. Iowa State Insurance Company, Appellant.

**Insurance.** In an action on an insurance policy which had been transferred to new premises, to which new exposures were added after issuance of the policy, it is immaterial that they substantially conform to the form and construction of the original risk.

**Same.** An insurance policy conditioned to be void if the insured's *interest* was less than absolute and that fact was not so stated in the policy, is not violated by an omission to so state, where insured had the entire beneficial interest except the naked legal title.

**Pleading: WAIVER.** It is reversible error to submit the question of the waiver of a condition in a policy of fire insurance providing that it shall be void if any alteration be made in the property insured or any contiguous buildings erected without notice to the company of such changes or alterations, where there was no pleading tendering such issue.

**Same:** *Insurance.* Insured transferred a policy on merchandise to his new building, standing detached. The policy was voidable for the erection of buildings which were additional exposures, unless the insurer was notified and consented. Insured erected an oilhouse six feet from his building, and alleged that he called the soliciting agent's attention to a platform, and stated that he would build such oil house on it. *Held,* that as the case was tried on the erroneous theory of the waiver of the additional risk which had not been pleaded it was improper to submit such point, as relating to the description of the property.

**Practice: INTERROGATIONS.** It was error ro refuse to submit special interrogatories which called for essential ultimate facts.

*Appeal from Hardin District Court.*—Hon. S. M. Weaver, Judge.

Saturday, December 17, 1898.

Action at law upon a policy of insurance covering a certain building and fixtures in the town of Robertson; and a stock of goods kept for sale therein. Defendant pleaded a breach of condition of the policy against the erection of buildings contiguous or near to the property insured; that the plaintiff was not the owner of the building, and that such fact

was not disclosed to the company, and that the insured's interest was not stated in the policy; that the insured placed a mortgage upon the stock of goods covered by the policy without the knowledge or consent of the company; and that the action was prematurely commenced. The case was tried to a jury on these issues, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*H. Scott Howell & Son* for appellant.

*J. H. Scales* for appellee.

Deemer, C. J.—On the eleventh day of August, 1892, the defendant issued its policy of insurance against loss by fire upon a stock of general merchandise situated in a one and a half story building in the town of Robertson. Thereafter plaintiff erected a one-story frame building upon lot 1, block 3, in said town, the legal title to which was in the name of Mrs. M. M. McCoy, his wife. In July of the year 1893, the insured moved his stock of goods into the building erected by him, and on the thirty-first day of July, the policy of insurance was transferred so as to cover the stock in its new location. At the same time two hundred dollars of insurance was added to cover the new building. This added insurance was written upon the old policy. On the face of the policy was written these words: "Loss, if any, on the building, payable to Mrs. M. McCoy, as her interest may appear." The property covered by the policy was totally destroyed by fire on November 10, 1896. On March 11, 1897, plaintiff commenced this suit.

The defenses interposed have already been stated, and need not be repeated here. That what follows may be properly understood, it is perhaps well to say that plaintiff did not plead waiver of any of the conditions of the policy, nor did he plead an estoppel. The main issues were tendered by the denial which the law interposed to the affirmative defenses pleaded in answer. The building was described

Vol. 107 Ia—6

in the policy as follows: "The one-story frame building occu-
pied by the assured as a general store, situated upon a certain
lot [describing it]." One of the conditions of the policy
was in the following words: "If any alteration shall be
made in any house or building * * * after insurance
has been made on the property therein in this company,
* * * or if any building or buildings be erected con-
tiguous or near to the property insured, * * * then
it shall be the duty of the assured to forthwith notify
the secretary in writing of such alteration and changes
and additional buildings, and, if he fails to do so, this
policy shall be void." At the time the policy was issued
there was a platform at the rear end of the building which was
made the floor of an oil house that was built after the policy
was transferred. This oil house was within six feet of the
main building, and appellant contends that this is a violation
of the condition just quoted, and avoided the policy. On the
other hand, appellee insists that he fully explained to appel-
lant's soliciting agent, at the time the transfer of the policy
was made, that he intended to build an oil house over the plat-
form,—which platform he had then commenced to build,—
and that for this reason the policy was not avoided.

The trial court instructed the jury as follows: "I next
call your attention to the defense based on the alleged fact
that, after the date of the change in the policy, plaintiff erected
another building near the insured building without notice to,
or consent by, the defendant. Under the terms of the policy,
if, after the date thereof, any building was erected near or con-
tiguous to the building insured, and plaintiff did not notify
the defendant's secretary thereof in writing, the policy was
made void, and, if you so find, your verdict will be for
the defendant. *If, however, you find from the evi-
dence that plaintiff undertook to erect a new store and
warehouse in close proximity, substantially after the plan of
the building from which he removed, and in which the goods
were first insured, and that the main part was first finished
and the goods placed therein,* and that the annex or warehouse

was in the course of construction, for the purpose of being used jointly or in connection with said store building, and that the same was disclosed to the plaintiff's (defendant's) agent, and understood by him at the time he (plaintiff) made the application for the change in the policy, *then the completion of such annex or warehouse, and its use in connection with the store building, would not be such a violation of the provisions of the policy as to render it void,* nor would the plaintiff be barred of his right of action thereby, should you otherwise find him entitled to recover."

To this exception was taken, and this constitutes the basis for the first assignment of error. The latter part of the instruction, while not stating in so many words that knowledge of the appellant's agent of the intended construction of the oil house at the time of the transfer of the policy would constitute a waiver of the conditions therein, is evidently based upon such proposition of law. See *Eiseman v. Insurance Co.,* 74 Iowa, 11; *Williams v. Insurance Co.,* 50 Iowa, 561, and numerous cases cited in 1 McClain's Digest, p. 917 *et seq.,* and 3 McClain's Digest, p. 595 *et seq.* It seems to be well settled that, to rely upon waiver or estoppel, it must be pleaded, and, if not so pleaded, it cannot be relied on. See *Eiseman Case, supra; Zinck v. Insurance Co.,* 60 Iowa, 266; *Heusinkveld v. Insurance Co.,* 95 Iowa, 504. The *Eiseman Case* is precisely in point and clearly holds that it is error to submit the question of waiver of a condition similar to the one under consideration, when there is no pleading tendering such an issue.

The italicized portions of the charge are also erroneous, for the reason that the form and construction of the building from which the stock was removed is entirely immaterial to any issue in the case. There is also a verbal error in the charge, which will be noticed in the reading, that we do not regard as sufficient to justify a reversal. As the case does not properly present the question of waiver in virtue of the knowledge

of defendant's agent of plaintiff's intention to build the warehouse, we have no occasion to consider it. Appellee insists that the point presented relates to the description of the property, and that the doctrine of waiver has not application. We do not think this is true. But, if it were, the case was not tried on this theory, and, as the instruction is based wholly upon the theory of waiver or estoppel, it was erroneous, because no such issue was tendered. Had nothing been said to appellant's agent regarding the erection of the warehouse, there can be no doubt that the erection of the building, or the alteration of the old, if you please, would have avoided the policy.

II.     Another condition of the policy was in these words: "If the interest of the assured be an     *     *     *     interest not absolute, it must be so stated in the policy; otherwise the same shall be void." The legal title to the lot, and presumptively to the building, was, as we have seen, in Mrs. M. M. McCoy, wife of appellee. Evidence was offered, however, which tended to show that plaintiff was the beneficial owner, and that his wife had no interest therein. There was also evidence to the effect that appellant's agent had notice of the condition of the title. The court instructed, in effect, that if appellant's agent had notice of the condition of the title at the time the policy was transferred, then knowledge of the agent would be notice to the company, and it could not rely upon the second defense pleaded. This instruction was also based on the doctrine of waiver, and, for the reasons stated in the first division of this opinion, was erroneous. It will be noticed that the condition last recited refers to the interest of the assured, not to his title. Hence, if it be true, as claimed, that he was the beneficial owner at the time the policy was issued, the mere fact that the naked legal title was in another would not defeat recovery. *Bonham v. Insurance Co.,* 25 Iowa, 328; *Hough v. Insurance Co.,* 29 Conn. 10; *Insurance Co. v. Erb,* 112 Pa. St. 149 (4 Atl. Rep. 8); *Wainer v. Insurance Co.,* 153 Mass. 335 (26 N. E. Rep. 877). The

case should have been presented to the jury on this theory, and not upon the assumption that they might find a waiver.

III.    There is no evidence to support appellant's third defense, and, as the fourth is not argued, we will not consider it.

IV.    Appellant submitted certain interrogatories to the court that it wished the jury to answer, which were refused. Some of them should have been submitted. We need not set them out, for it appears that they called for ultimate facts which were essential to a recovery, and appellant had the right to have them submitted. For the errors pointed out the judgment is REVERSED.