[L. A. No. 1501.    In Bank.—February 7, 1907.]

## A. V. D. GOORBERG, Respondent, v. THE WESTERN ASSURANCE COMPANY, Appellant.

FIRE INSURANCE—SEPARATE ITEMS INSURED—ENTIRETY OR SEVERABILITY OF CONTRACT—NATURE OF RISK.—Where several items are insured in a policy of insurance against loss by fire, the question of the entirety or severability of the contract depends upon the nature of the risk. Where the property is so situated that the risk on one item cannot be affected without affecting the risk on another item, the policy must be regarded as entire; but where the property is so situated that the risk on each item is separate and distinct from the risk on the others, the policy must be regarded as severable.

ID.—QUESTION OF INTENTION.—Whether a contract of fire insurance is entire or severable is a question of intention, to be determined from the language employed by the parties, viewed in the light of the circumstances surrounding them at the time they contracted.

ID.—CONDITIONS AVOIDING POLICY—CONSTRUCTION AGAINST INSURER.— Where the policy insuring several classes of property provides that it shall be void in certain events in view of the settled rule that any uncertainty or ambiguity in a contract of insurance is to be interpreted most strongly against the insurer, this language should not be given the effect of avoiding the contract as to every item insured in all cases.

ID.—BREACH OF CONDITION AS TO ONE ITEM—ENTIRETY OF PREMIUM NOT CONCLUSIVE—PROTECTION OF INSURER.—Where the nature of the risk makes the contract severable, the mere fact that the premium is entire should not affect the conclusion of severability, because of a breach of conditions as to one item. On the other hand, where the breach of conditions, although in terms affecting only one item, is such as to increase the hazard to which other items are subjected, the avoiding of the policy as to all such items is the very thing which is requisite to protect the insurer from having to assume a greater risk than he contracted for.

ID.—MISREPRESENTATION AS TO TITLE—"SQUATTER'S" POSSESSION— SEPARATE INSURANCE OF HOUSE AND FURNITURE—ENTIRE CONTRACT. —Where there were separate items of furniture in a house also insured, and there was a misrepresentation as to title to the land, by reason of the house being on a mere "squatter's" possession of

government land, the risk of insurance on the furniture is affected by the risk on the house coupled with it, which latter risk is greater than it would have been if he owned the land, and the contract of insurance of the house and furniture must, so far as concerns the representation as to title, be treated as entire.

ID.—DISCOVERY OF FACTS AFTER FIRE—RETENTION OF PREMIUMS—DEFENSE NOT WAIVED.—The fact that the insurance company discovered the true state of the title shortly after the fire, and afterwards retained the premium, cannot affect its right to defend on the misrepresentation as to title. The company was not bound to rescind the contract in order to defend under its terms against its liability thereupon for such misrepresentation; nor could the retention of the premium after the loss constitute any waiver or estoppel on the part of the insurance company against such defense.

ID.—WAIVER OR ESTOPPEL AFTER LOSS—ESSENTIAL FACTS—RELIANCE—CHANGE OF POSITION—INJURY.—To constitute a waiver or estoppel by the action or non-action of the insurer after the loss, it is essential that the insured party should have relied upon the conduct of the insurer, and been induced by it to put himself in such a position that he would be injured if the insurer were allowed to repudiate its action.

ID.—PLEADING—WAIVER—FACTS CONSTITUTING ESTOPPEL.—Where the complaint showed affirmatively the breach of warranty as to title, and, to overcome this, alleged the issuance of the policy by the defendant after notice of the defect of title, but did put in issue the retention of premium after knowledge of the defect, he cannot rely thereupon. If the plaintiff relies upon any facts constituting a waiver or estoppel as to any defense which would otherwise be available under the facts stated in the complaint, the facts constituting such waiver or estoppel must be pleaded in the first instance.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Sylvester G. Williams, and Edwin A. Meserve, for Appellant.

George L. Keefer, for Respondent.

SLOSS, J.—This is an action upon a policy of fire insurance, by which, in consideration of a premium of $21.75, the defendant insured the plaintiff in the sum of $1,700 against

loss or damage by fire to five different items of property, a specific amount of insurance being apportioned to each item: that is to say, $550 on a frame dwelling, situate upon certain land described in the policy; $725 on household furniture contained in said dwelling; $150 on a smaller dwelling, situate upon the same land; $75 on household furniture situate in the smaller dwellings; and $200 on tools, farming implements, etc., contained in the building first described. A fire occurred, causing damage to each of the five items. The amount of such damage is not here in dispute.

The principal defense, and the only one which need be considered on this appeal, is based upon the following provisions of the policy: "This entire policy shall be void if the insured has concealed, or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

It appears that the buildings were located upon unsurveyed government land, to which plaintiff had no title. He was merely in possession as a "squatter."

The plaintiff claimed, and so alleged, that any warranty as to title had been waived by defendant's agents, in that they had caused the policy to be issued after having received from plaintiff full notice of the fact that he was holding as a "squatter" on unsurveyed government land. This alleged notice and waiver were denied by the insurer, which alleged that plaintiff, at the time of applying for the insurance, stated to defendant that he was the owner in fee simple of the land, and on these issues the case went to trial before a jury.

The court charged the jury as follows:—

"I instruct you that on the evidence before you, without any conflict, the plaintiff is entitled to a verdict for $748.95 for loss on the personal property described in the policy of insurance.

"As to the loss claimed on the buildings, I instruct you that if you find that the defendant or its agents did not know, or had not been informed at the time of the issuance of the policy, that the plaintiff did not own the land on which the

buildings were located, and did not learn that plaintiff did not own the land until after the commencement of this action, then plaintiff is not entitled to recover anything for the loss of the buildings. But if defendant or its agents did have knowledge of the plaintiff's title or learned of it before the fire, then there was a waiver of the fact that plaintiff did not own the land and plaintiff is entitled to recover the loss of said building, viz.: $575.30. If you find on this issue in favor of the plaintiff, your verdict will be for the plaintiff for $1,324.25. If you find on this issue in favor of the defendant, then your verdict will be for the plaintiff in the sum of $748.95.''

The verdict was for $748.95 (the amount of loss claimed on the second, fourth, and fifth items of the policy), and defendant appeals from the resulting judgment and an order denying a new trial.

It is evident that the trial court regarded the conditions and warranties which we have quoted as applying solely to the buildings insured, and not to the contents of those buildings. In other words, the policy was treated as severable into as many contracts as there were items insured. Whether such policies, insuring distinct items for different amounts, in consideration of a gross premium, are to be regarded as entire or severable, is a question that has not heretofore come before this court, although it has been passed on by the courts of many other states. The authorities on the point are so numerous that it would be impracticable to attempt to review, or even to cite, all of them. There is conflict between the adjudications of different courts, and even, in some instances, between those of the same court. In a general way, the effect of the cases may be summarized and illustrated by saying that the courts of a number of states have laid down the rule accepted by the trial court in the case at bar,—namely, that where the property insured consists of different items which are separately valued or insured for separate amounts, the contract is divisible, and a breach of warranty or condition as to one item will not affect the insurance on the remainder of the property, even though the premium be entire. (*Merrill* v. *Agricultural Ins. Co.,* 73 N. Y. 452, [29 Am. Rep. 184]; *Schuster* v. *Dutchess County Mut. Ins. Co.,* 102 N. Y. 260, [6 N. E. 406]; *Phœnix Ins. Co.* v. *Lawrence,* 4 Met. (Ky.)

9, [81 Am. Dec. 521]; *Continental Ins. Co.* v. *Ward,* 50 Kan. 346, [31 Pac. 1079]; *State Ins. Co.* v. *Schreck,* 27 Neb. 527, [20 Am. St. Rep. 696, 43 N. W. 340]; *Commercial Ins. Co.* v. *Spankneble,* 52 Ill. 53, [4 Am. Rep. 582]; *Loehner* v. *Home Mut. Ins. Co.,* 17 Mo. 247; *Sullivan* v. *Hartford Fire Ins. Co.,* 89 Tex. 665, [36 S. W. 73]; *Manchester Fire Assurance Co.* v. *Feibelman,* 118 Ala. 308, [23 South. 759]; *Fireman's Fund Ins. Co.* v. *Barker,* 6 Colo. App. 535, [41 Pac. 513]; *Clark* v. *New England Mut. Fire Ins. Co.,* 6 Cush. 342, [53 Am. Dec. 44]; *Bullman* v. *North British etc. Ins. Co.,* 159 Mass. 118, [34 N. E. 169]; *Wright* v. *Fire Ins. Co.,* 12 Mont. 474, [31 Pac. 87]; *Coleman* v. *New Orleans Ins. Co.,* 49 Ohio St. 310, [34 Am. St. Rep. 565, 31 N. E. 279]; *Light* v. *Greenwich Ins. Co.,* 105 Tenn. 480, [58 S. W. 851]; *Connecticut Fire Ins. Co.* v. *Tilley,* 88 Va. 1024, [29 Am. St. Rep. 770, 14 S. E. 851]; *Quarrier* v. *Peabody Ins. Co.,* 10 W. Va. 507, [27 Am. Rep. 582].)

On the other hand, there are many cases holding that such contracts are entire, and that a breach of any condition or warranty vitiates the whole insurance, most of these decisions basing their conclusion on the ground that the premium was a single or gross sum. (*Gottsman* v. *Pennsylvania Ins. Co.,* 56 Pa. 210, [94 Am. Dec. 55]; *Day* v. *Charter Oak F. and M. Ins. Co.,* 51 Me. 91; *Plath* v. *Minnesota Farmers' Mut. Fire Ins. Assn.,* 23 Minn. 479, [23 Am. Rep. 697]; *Garver* v. *Hawkeye Ins. Co.,* 69 Iowa, 202, [28 N. W. 555]; *Cuthbertson* v. *North Carolina Home Ins. Co.,* 96 N. C. 480, [2 S. E. 258]; *Southern Fire Ins. Co.* v. *Knight,* 111 Ga. 622, [78 Am. St. Rep. 216, 36 S. E. 821]; *Agricultural Ins. Co.* v. *Hamilton,* 82 Md. 88, [51 Am. St. Rep. 457, 33 Atl. 429]; *McGowan* v. *People's Mut. Fire Ins.,* 54 Vt. 211, [41 Am. Rep. 843].)

There is still another line of cases which take a middle ground between the extreme doctrines above stated and hold that the question of the severability of the contract in such cases depends upon the nature of the risk,—i. e. that where the property is so situated that the risk on one item cannot be affected without affecting the risk on the other items, the policy must be regarded as entire; but where the property is so situated that the risk on each item is separate and distinct from the risk on the other items, so that what affects the risk

on one item does not affect the risk on the others, the policy must be regarded as severable. (*Havens* v. *Home Ins. Co.,* 111 Ind. 90, [60 Am. Rep. 689, 12 N. E. 137] ; *Phœnix Ins. Co.* v. *Pickel,* 119 Ind. 155, [12 Am. St. Rep. 393, 21 N. E. 546] ; *Pickel* v. *Phœnix Ins. Co.,* 119 Ind. 291, [21 N. E. 898] ; *Worachek* v. *New Denmark etc. Fire Ins. Co.,* 102 Wis. 88, [78 N. W. 411] ; *Taylor* v. *Anchor Mut. Fire Ins. Co.,* 116 Iowa, 625, [93 Am. St. Rep. 261, 88 N. W. 807] ; *Western Assurance Co.* v. *Stoddard,* 88 Ala. 606, [7 South. 397] ; *Republic Co. etc. Ins. Co.* v. *Johnson,* 69 Kan. 146, [105 Am. St. Rep. 157, 76 Pac. 419] ; *Hartshorne* v. *Agricultural Ins. Co.,* 50 N. J. L. 427, [14 Atl. 615] ; *Boehm Lumber Co.* v. *Svea Ins. Co.,* 36 Wash. 520, [79 Pac. 34] ; *Herzog* v. *Palatine Ins. Co.,* 36 Wash. 611, [79 Pac. 287] ; *Ætna Ins. Co.* v. *Resh,* 44 Mich. 55, [38 Am. Rep. 228, 6 N. W. 114] ; *Phœnix Ins. Co.* v. *Public Parks Amusement Co.,* 63 Ark. 187, [37 S. W. 959] ; *Baldwin* v. *Hartford Fire Ins. Co.,* 60 N. H. 422, [49 Am. Rep. 324].)

In our opinion, the rule declared in the cases last cited is supported by reason and tends to produce a just result. Whether a contract is entire or severable is a question of intention, to be determined from the language employed by the parties, viewed in the light of the circumstances surrounding them at the time they contracted. (*Sterling* v. *Gregory,* 149 Cal. 117, [85 Pac. 305].) In these cases the policy, insuring several classes of property, provides that it shall be void in certain events. In view of the settled rule that any uncertainty or ambiguity in a contract of insurance is to be interpreted most strongly against the insurer, it is proper to say that this language should not be given the effect of avoiding the policy as to every item insured in all cases. Where the warranty or condition which is broken does not affect the risk on certain items, the insurance should not be held to be ineffective as to those items. Such construction would subject the insured to a forfeiture for a cause which had no substantial relation to the interest of the insurer. The purpose of the warranties and conditions is to protect the insurer from liability on risks which he would have been unwilling to take for the stipulated premium, or perhaps for any premium. And if, as to any item, the breach of condition or warranty does not at all affect the risk, the release of the insurer from liability for that item may fairly be said not to have been

within the reason of the condition or warranty, and hence not within the contemplation of the parties. For example, where a single policy insured, in separate amounts, two buildings situated upon farms several miles apart, the breach of a warranty of title as to one would not in the slightest degree increase the risk on the other, and the policy should be held severable. (*Loomis* v. *Rockford Ins. Co.*, 77 Wis. 87, [20 Am. St. Rep. 96, 45 N. W. 813].) We do not think the mere fact that the premium is entire should affect this conclusion. On the other hand, where the breach of condition, although in terms affecting only one item, is such as to increase the hazard to which other items are subjected, the avoiding of the policy as to all such items is the very thing which is requisite in order to protect the insurer from having to assume a greater risk than the one he had contracted for. Take the case here presented, of a building, and furniture in the same, both covered by the same policy. There is a breach of a warranty or a misrepresentation relating to the title to the land on which the building was situated. That any misrepresentation as to title is material, and has the effect of avoiding the policy, at least as to the building, is undisputed. And one ground upon which the materiality of statements as to title has been put is that they "might, and probably would, influence the mind of the underwriter in forming or declining the contract. Generally speaking, insurances against fire are made in the confidence that the assured will use all the precautions to avoid the calamity insured against which would be suggested by his interest. The extent of this interest must always influence the underwriter in taking or rejecting the risk or in estimating the premium." (*Columbia Ins. Co.* v. *Lawrence*, 2 Pet. 25, s. c. 10 Pet. 507.) "In other words, it is in their relation to the moral hazard that the materiality of statements as to title or interests rests." (2 Cooley's Briefs on Insurance, 1340.) The risk is greater, then, where a man insures a house which is on land not belonging to him than it would be if he owned the land. But if the risk on the house is greater by reason of the want of ownership, it is clearly greater as to the contents of the house. It is of course possible that a house may burn, and a part or all of its contents be saved, but surely the contents of a house are in great danger of burning if the house takes fire, and any circumstance which

increases the risk of fire to the house necessarily increases the risk to the contents. If the insuring company would have been unwilling to insure a house on land not belonging to the insured, because it might be more advantageous to the insured to have the house burn than to have it saved, it can hardly be supposed that it would have consented to take the risk on furniture contained in a house exposed to such hazard. It is, we think, no answer to this position to say, as was said in *Merrill* v. *Agricultural Ins. Co.,* 73 N. Y. 452, [29 Am. Rep. 184], a case frequently cited, that insurance companies habitually insure the contents of buildings without insuring the building or inquiring about its ownership. Such insurance on the contents alone would involve no unusual hazard. It would not tempt the insured to permit his furniture or other movables to burn. But if it be coupled with insurance on a building which he does not own, and by the destruction of which he would profit, both the house and its contents are subjected to a risk which the insurer was not willing to assume, and one against the assumption of which he expressly contracted. In the case at bar, the court directed the jury to find a verdict for the plaintiff for the loss on the contents of the buildings notwithstanding the defense, and the evidence in support of it, that there had been a misrepresentation, which, as the defendant claimed, had not been waived. Under the views above set forth, this was error. The risk to the contents of the building was directly affected by any circumstance which affected the risk to the buildings themselves, and the contract should, so far as concerns the representation as to title, have been treated as entire.

In the foregoing discussion we have laid no stress on the fact that the language of the policy is that "this *entire* policy shall be void, if," etc. In most of the cases cited above the word "entire" did not appear in the policy in this connection. It has been held (sometimes even in jurisdictions where separate valuations are ordinarily regarded as rendering the contracts divisible) that the inclusion of this word makes the contract entire and indivisible. (*Germania Fire Ins. Co.* v. *Schild,* 69 Ohio St. 136, [100 Am. St. Rep. 663, 68 N. E. 706]; *Germier* v. *Springfield F. and M. I. Co.,* 109 La. 341, [33 South. 361]; *Agricultural Ins. Co.* v. *Hamilton,* 82 Md. 88, [51 Am. St. Rep. 457, 33 Atl. 429]; *Martin* v. *Insurance Co.*

*of N. A.*, 57 N. J. L. 623, [31 Atl. 213]; *McWilliams* v. *Cascade F. and M. I. Co.*, 7 Wash. 48, [34 Pac. 140].) But there are also cases holding, in effect, that no valid distinction can be drawn between the words "this policy shall be void" and "this entire policy shall be void." (*Kiernan* v. *Dutchess County Mut. Ins. Co.*, 150 N. Y. 190, [44 N. E. 698]; *Fireman's Fund Ins. Co.* v. *Barker*, 6 Colo. App. 535, [41 Pac. 513]; *Kansas Farmers' Fire Ins. Co.* v. *Saindon*, 53 Kan. 623, [36 Pac. 983]; *Trabue* v. *Dwelling House Ins. Co.*, 121 Mo. 75, [42 Am. St. Rep. 523, 25 S. W. 848].) In view of our conclusion that the policy in question is for other reasons an entire contract, it is not necessary in this case to express any opinion as to the effect of the use of the word "entire" in a policy which in the absence of such word would be treated as divisible.

The respondent contends that whatever construction be put upon the policy the judgment must be affirmed, because there was uncontradicted testimony to the effect that shortly after the fire the company ascertained the true state of the title, and for a period of several months thereafter and up to the time of trial, made no offer to return the premium. During all this time, however, it denied liability. It may be conceded that if, by reason of a breach of warranty as to title, no risk ever attached, the insured was entitled to a return of his premium. (Civ. Code, sec. 2617.) But the insurer's delay in offering to repay it (assuming the delay to have been unreasonable), did not forfeit the right to defend for such breach. The cases cited to the proposition that a party cannot rescind a contract without restoring what he has received under it are not in point. [The defendant is not in this action seeking to rescind the contract sued upon; it is standing upon the contract, and insisting that under its terms there is no liability. Nor can the mere retention of the premium, *after the loss has occurred,* and where the liability is steadfastly denied, constitute either a waiver of the defense or an estoppel. To constitute such waiver or estoppel by the action or non-action of the insurer after the loss, it is essential "that one party should have relied upon the conduct of the other, and been induced by it to put himself in such a position that he would be injured if the other should be allowed to repudiate his action." (*McCormick* v. *Orient*

*Ins. Co.,* 86 Cal. 260, [24 Pac. 1003]; *McCormick* v. *Spring-field F. and M. I. Co.,* 66 Cal. 361, [5 Pac. 617].) Here nothing was done which could have led the insured to believe that the defendant would not take advantage of the breach of warranty. On the contrary, it persistently asserted its reliance upon such breach. If the case of *Fishbeck* v. *Insurance Co.,* 54 Cal. 422, is in conflict with these views, it must be regarded as overruled by the McCormick cases just cited. (See, also, *Georgia Home Ins. Co.* v. *Rosenfield,* 95 Fed. 358; *Austin* v. *M. R. F. L. Assn.,* 132 Fed. 555; *Thompson* v. *Traveler's Ins. Co.,* 11 N. Dak. 274, [91 N. W. 75]; *Blaeser* v. *Insurance Co.,* 37 Wis. 39, [19 Am. Rep. 747].)

Furthermore, the retention of the premium was not pleaded by the plaintiff. His complaint showed affirmatively that there had been a breach of warranty as to title, and to overcome this he was obliged to allege facts showing a waiver or estoppel. He met this requirement by alleging the issuance of the policy by the defendant after notice of the defect of title, but this did not put in issue any waiver or estoppel that might have been created by other facts. If the plaintiff relies on waiver or estoppel as to any defense which would otherwise be available to the defendant under the facts stated in the complaint, the facts constituting such waiver or estoppel must be pleaded in the first instance. (19 Cyc. 923; *Gillon* v. *Northern Assurance Co.,* 127 Cal. 480, [59 Pac. 901]; *Vernon Ins. and T. Co.* v. *Maitlen,* 158 Ind. 393, [63 N. E. 755]; *Bruce* v. *German S. and L. Soc.,* 24 Or. 486, [34 Pac. 16]; *McCoy* v. *Iowa State Ins. Co.,* 107 Iowa, 80, [77 N. W. 529].)

The judgment and order appealed from are reversed.

Henshaw, J., McFarland, J., and Lorigan, J., concurred.