## THE GERMAN INSURANCE COMPANY v. C. W. YORK.

1. FIRE INSURANCE — *Waiver of Conditions — Policy, not Avoided.*   Where it was stipulated, in a policy of fire insurance, "that if the property insured shall hereafter become mortgaged or incumbered, without the consent of the company indorsed thereon, it shall be null and void," and the insured sold and conveyed the property for the sum of $6,000, of which $5,000 was paid in cash, and the purchaser gave to his grantee a mortgage for $1,000 upon the premises to secure the balance of the purchase-price, and the vendor and vendee went to the local agent of the insurance company and notified him of the terms of the same, and filled out an assignment of the policy to the purchaser, which was transmitted to the home office and consent was given to the sale, but the company had no notice other than the knowledge of the local agent of the giving of the mortgage until after the property was destroyed, *held*, that the assent given by the company to the sale and transfer, and the notice to the local agent of the giving of the mortgage, was an assent to the terms of the sale, and the incumbrance of the property for the purchase-price; and that the giving of the mortgage did not avoid the policy.

2. DEED OF HOMESTEAD — *Rights not Forfeited.*   The execution of a deed of the homestead, which is signed by the husband alone, and therefore void, will not work a forfeiture of any rights under a fire insurance policy.

3. ——— *Severable Contract.*   Where a separate valuation has been placed upon different subjects of insurance, as $800 on a dwelling-house, and $200 on household furniture, the contract is severable and not indivisible.

*Error from Cloud District Court.*

THE opinion states the case.

*G. W. Barnett, John W. Sheafor,* and *Charles L. Botsford,* for plaintiff in error.

*Kennett, Peck & Matson,* for defendant in error.

Opinion by GREEN, C.: This was an action brought by C. W. York in the district court of Cloud county, upon a policy of insurance against fire issued by the German Insurance Company, for $1,000; $800 being upon a dwelling-house and $200 upon the contents. The policy was made to Clinton L. Mosher, dated the 31st day of May, 1886, and assigned to the defendant in error on the 7th day of May, 1887, he having purchased the premises upon which the house was situated on that date. A mortgage was executed by York and wife to Mosher to secure $1,000 of the purchase-price. It appears from the pleadings and findings of fact that the assignment of the policy was assented to by the insurance company on the 1st day of June, 1887, and the proper indorsement was made on the policy. The insurance company claimed that it had no notice of the mortgage at the time of this indorsement. The court found, however, that the local agent of the insurance company had notice of the terms and conditions of the sale. The policy contained a condition that, if the property should thereafter be mortgaged or incumbered without the consent of the company being indorsed thereon, the policy should become null and void. The policy contained the further provision, that no agent or employé of the company, or other person, should have power or authority to alter or change the terms of the policy, or make any indorsement thereon. On the 24th day of September, 1887, C. W. York executed a deed to Kohler, Marvin and Saddler for the premises covered by the policy, but his wife did not sign the deed with him, although it was their homestead at the time. On the 8th day of December of the same year the plaintiff below made a

chattel mortgage to the same parties upon all of the personal property described in the insurance policy, to secure the payment of $1,500. The property was destroyed by fire on the 9th day of March, 1888. Proof of loss was sent to the company on the 1st day of May, 1888; and on the 14th day of May the adjusting agent of the company acknowledged the receipt of the proof of loss, but demanded more specific and fuller details of the loss. On the 19th of the same month, in answer to a letter from the attorneys of the plaintiff, who desired to know if the company proposed to pay the loss, the adjusting agent wrote that the question was premature, for the reason that the insured had not as yet made proof in accordance with the policy. The plaintiff afterward prepared another proof of loss, which was transmitted to the company; and on the 2d day of June the adjusting agent wrote the plaintiff that the proof was not such as had been requested, and demanded a strict compliance with all of the conditions of the policy. At the April term, 1889, the case was tried by the court and special findings of fact made, and judgment was rendered against the company for the amount of the policy and interest. A motion for a new trial was made and overruled. The company brings the case here for the review of assigned errors.

The first contention of plaintiff in error is, that the policy of insurance is void by reason of the mortgage executed by York to Mosher, without the consent of the company. This mortgage was given as part of the purchase-price of the premises upon which the insured property was situated. The company assented to the sale and transfer of the policy to York. We fail to see how the risk was in any way increased. York paid $5,000 in cash for the farm, and gave a mortgage for $1,000 for the balance of the purchase-price to Mosher. It was all one transaction. The company had notice of the sale; and this, we think, included all that took place concerning the transfer of the title from Mosher to York. In the case of *Insurance Co. v. Ashton*, 31 Ohio St. 477, it was held that the consent given by the company to a sale and transfer of title was an assent to the

1. Waiver of conditions.

terms upon which the same were made, and hence, that the execution of the mortgage did not avoid the policy. In addition to this, the court found that the local agent was informed by York of the terms of the purchase of the insured property, and that York had given Mosher a mortgage for $1,000 on the land. We think the consent to the transfer of the policy, coupled with the fact that the local agent was advised of the sale and the execution of the mortgage, were sufficient to operate as an assent upon the part of the company to the giving of the mortgage.

It is next claimed that the deed given by York to Kohler, Marvin and Saddler violated the policy. A sufficient answer to this contention is, that the deed purported to convey the homestead, and it was signed by the husband alone, and was therefore void. When we say an instrument is void, we mean that it has no force and effect. A void deed

2. Void deed; rights not forfeited. could not, therefore, affect the policy of insurance. No title passed by the void instrument; so the land still remained the property of York.

The further claim is made that a policy of insurance must be considered as an entirety, and that the mortgaging of any part of the property, either personal or real, avoids the entire policy. The trial court found that York executed a chattel mortgage to Kohler, Marvin and Saddler on all of the personal property described in the insurance policy, after the assignment of the policy to him. If plaintiff in error be correct in its contention, this would avoid the policy, because there is nothing to show that the company consented to the giving of this mortgage. While the policy sued upon in this case shows that the premium was a gross sum, the insured estate consisted of real and personal property, and there was a given amount of insurance upon each kind of property. Now, if there had been a total loss of one kind of property and the other had been saved, it is clear that the company would only be called upon to make good the loss of the property destroyed, and the liability of the company would be limited to that

3. **Divisible con-tract.** alone. To this extent we think it fair to say that the contract is divisible. Two kinds of property constituted the subject-matter of the contract, and the insurance company placed a fixed valuation upon each, for which it agreed to become responsible in case of loss. In a well-considered case decided by the court of appeals of New York, Mr. Justice Folger said:

"It is plain from the fact of a separate valuation having been put by the parties upon the different subjects of the insurance, that they looked upon them as distinct matters of contract. The effect of the separate valuation was to make them so. No matter how much value there might have been in anyone of those subjects, even to the whole amount of the policy, had it been totally destroyed the defendants could not have been made liable to an amount greater than that named in the policy as the valuation of it. Thus it was, at the inception of the contract, distinguished from the other subjects of insurance, and the contract so made as to be capable of application to it alone. So, too, if but one of the subjects of insurance had been burned, the defendants (*ceteris paribus*) could not have avoided liability to pay for that, up to the value put upon it; and if not wholly destroyed, but so far damaged as to reach in deterioration the value put upon it in the policy, the defendants would have to pay that damage; and that subject would no longer form a part of the general matter insured, and hence not a part of the continuing contract. Thus, there would of necessity be a severance of the contract, worked out by the operation of its own terms.

"Again, the principle in the case of a contract about several things, but with a single consideration in gross, is this: that we are not able to say that the party would have agreed for one, or for more than one, yet less than all of them, without he could at the same time acquire a right to have them all. But our daily experience and observation show, that an insurance company is as ready to insure buildings without insuring the contents, and the contents without insuring the buildings, as to insure them together; so that that principle does not press so hard in considering such a contract as that before us. Besides, it is a rule that an agreement embracing several particulars, though made at one time and about one affair, may yet have the nature and operation of several different contracts; as, when they admit of being separately ex-

ecuted and closed, as we have instanced just above, when the contract may be taken distributively, each subject being considered as forming the matter of a separate agreement after it is so closed. (Per Washington, J., *Perkins v. Hart,* 11 Wheat. 237, 251; *Rodemer v. Hazlehurst,* 9 Gill, 294.)

"In our judgment, this rule applies fitly to the contract in hand. It admits of being separately executed and closed as to each of the separate subjects of insurance. When one species of the property insured is burned, the contract to insure as to that may be performed as to that alone. The insured has paid the premium. A fire doing damage to that subject, that damage may be paid for by the insurer, and that subject be thus put out of the contract, while it remains *in fieri* as to all the other subjects named in it. When there are several subjects of insurance, (as there are 14 here,) separately valid, on which a gross sum is insured not exceeding the aggregate of that valuation, for the insurance of which a premium in gross is paid, it is easy to see what is the rate of premium on the whole valuation, and what is the amount of premium on each subject insured. This being so, it seems fanciful to say, that if the facts thus easily reached were stated in detail in the contract it would be severable, while not being specifically spread out it is entire." (*Merrill v. Insurance Co.,* 73 N. Y. 452.)

See, also, as sustaining the doctrine that an insurance contract is divisible, and that a breach of the condition only affects the class of property which is the immediate subject of the act of incumbrance: *Schuster v. Insurance Co.,* 102 N. Y. 261; *Clark v. Insurance Co.,* 6 Cush. 342; *Insurance Co. v. Spankneble,* 52 Ill. 53; *Knight v. Insurance Co.,* 26 Ohio St. 664; *Koontz v. Insurance Co.,* 42 Mo. 126; *Loehner v. Insurance Co.,* 17 id. 248; *Insurance Co. v. Schreck,* 27 Neb. 527; *Insurance Co. v. Grimes* (Neb.), 50 N. W. Rep. 168.

We are aware of the fact that a number of states have held that a contract of insurance is not divisible; but we think, where a separate valuation is fixed upon the different kinds of property insured, the better rule is to hold that the contract is severable, and not entire and indivisible. It follows from this view of the law in this case that the policy of insurance upon the dwelling-house for $800 should be held good. As

to the personal property covered by the policy, we think the giving of the chattel mortgage avoided the policy upon the household furniture.

We deem it unnecessary to notice the other assignments of error, as they do not affect the substantial rights of the plaintiff in error.

It is recommended that the judgment of the district court be modified by striking out the $200 and interest computed thereon, for the amount of the policy upon the personal property, and that the costs of this court be divided equally between the parties.

By the Court: It is so ordered.

All the Justices concurring.