[No. 805.  Decided July 15, 1893.]

M. McWILLIAMS, *Respondent*, v. THE CASCADE FIRE AND
MARINE INSURANCE COMPANY, *Appellant*.

FIRE INSURANCE — ACTION ON POLICY — OWNERSHIP OF PROPERTY
— FRAUD OF ASSURED — CIRCUMSTANTIAL EVIDENCE — INSTRUC-·
TIONS.

Where a policy of insurance provides that the entire policy shall
be void if the interest of the insured in the property covered by it
is other than unconditional and sole ownership, there can be no re-
covery for loss when one of the articles insured is held under a con-
tract of conditional sale by the daughter of the assured, although
the assured may have an insurable interest therein.

In an action upon a fire insurance policy where one of the de-
fenses interposed is that the plaintiff fraudulently caused the prop-
erty to be burned for the purpose of securing the amount of the
insurance named in the policy, and the only evidence tending to
sustain the issue was circumstantial, it is error for the court to re-
fuse to instruct that the fraud charged may be inferred by strong
presumptive circumstances.

*Appeal from Superior Court, King County.*

*Hughes, Hastings & Stedman,* for appellant.

*Stratton, Lewis & Gilman,* for respondent.

The opinion of the court was delivered by

ANDERS, J.— This is an action upon two fire insurance
policies issued by the appellant to the respondent. By the
first policy, the appellant, in consideration of $23.75 to it
paid, insured, for a period of one year from and after May
6, 1891, certain described property, while contained in the
saloon of the respondent in the town of Gilman, Wash.,
to an amount not exceeding $500, being $300 on her stock
of wines, liquors and cigars, and $200 on her bar and bar
fixtures, pictures, tables and chairs.    By the terms of the
second policy, the appellant, for the sum of $42.75, stipu-

lated to insure, for the period of one year from and after May 18, 1891, certain other property of the respondent, while contained in the building where then located, to an amount not exceeding $900, apportioned and distributed as follows: $125 on her beds and bedding; $350 on her household and kitchen furniture, useful and ornamental; $125 on her carpets, rugs and curtains, and $300 on her piano. On August 10, 1891, the property covered by both policies was totally destroyed by fire. Proof of loss was made in due form, and within the time prescribed in the policies. Payment was subsequently demanded and refused, whereupon this action was instituted.

In each of the policies sued on, it is stipulated that—

"This entire policy shall-be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the assured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss;" and also that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void   .   .   .   if the interest of the insured be other than unconditional and sole ownership."

It was shown at the trial that the respondent was not the sole and unconditional owner of the piano covered by the policy mentioned in the second cause of action, but that the same was held under a contract of conditional sale, in the name of her daughter, Carrie McWilliams, which contract was in writing, and expressly stipulated that the title should not pass from the seller until full payment of the purchase price and interest should be made. The price to be paid for the piano was $325, of which the respondent had paid but about $120 at the time of the fire. The contract of sale also provided that the piano should be kept

4—7 WASH.

insured for a sum at least equal to the amount of the unpaid purchase price, for the benefit of the sellers, and that the purchaser should pay all loss or damage to said piano by reason of fire, or from any other cause, not exceeding the amount remaining unpaid.    Under this state of facts, the appellant contends that it is not liable under the conditions of the policy including the piano, either for the loss of the piano or any other property covered by that policy, and that the court committed error in refusing to so instruct the jury.    On the other hand, the learned counsel for the respondent insist—(1) That inasmuch as the respondent had an insurable interest in the piano, and was bound to pay the entire purchase price according to the terms of the contract of purchase, even although it was destroyed before the payment was completed, the contract of insurance was not violated, and she is entitled to recover the entire amount of the insurance; and (2), that, even if the respondent's interest in the piano was not such as to satisfy the condition set forth in the policy, yet the entire policy was not rendered void for that reason, but only that portion thereof concerning the piano, and that the respondent was entitled to recover for the remainder of the property destroyed.

We entertain no doubt that the respondent had an insurable interest in the piano, but the question is, was her interest the interest which the company insured?    Her right of recovery must, of course, depend upon the terms of the contract as set forth in the policy, for it was upon those terms only that the appellant undertook to insure her against loss.    The respondent has asserted the validity of the contract by suing upon it, and, therefore, its effect is the only question for consideration; and if the conditions contained in the policy, when fairly construed, preclude a recovery thereon, then the respondent can have no just cause of complaint.    Upon the question whether an

insurance policy, such as the one now before us, is an entire or a severable contract, there is a marked conflict in the authorities, many of them holding that such a policy is a joint and inseparable insurance of the whole property therein mentioned, while many others hold that such a policy is a several insurance of each item or class of property therein named, and may be valid as to a portion of the property mentioned, though void as to the residue. Many cases have been cited by the respective counsel sustaining each of these views, but we will not now undertake to review them in detail.    They are nearly all referred to in *Phenix Insurance Co. v. Pickel*, 119 Ind. 155 (21 N. E. Rep. 546), in which case the court deduced the rule from the authorities cited that, where the property is so situated that the risk on one item cannot be affected without affecting the risk on other items, the policy should be regarded as entire and indivisible; but where the property is so situated that the risk on each item is separate and distinct from the others, so that what affects the risk on one item does not affect the risk on the others, the policy should be regarded as severable and divisible.    If it be conceded that it is possible to formulate a rule on this subject by which all cases should be governed, the one there enunciated is perhaps as nearly correct and just as any that could be suggested, and, if applied to the case in hand, will necessarily lead us to the conclusion that the policy now under consideration is entire and indivisible, and, being void as to the piano, is void altogether.    The property covered by this policy was all situated in the same building, and, therefore, all subject to the same risk, and whatever affected the risk on one item or class affected the risk upon the others also.

But we think the contract in this case was entire for another and more cogent reason than the one above set forth, namely, that its language is susceptible of no other reason-

able construction. It was plainly provided therein that the entire policy should be void if the interest of the assured in the property was other than sole and unconditional ownership. It was the sole and unconditional interest in the property that the appellant undertook, for a stipulated compensation, to insure, not any interest therein that the respondent might have. Her interest, as we have said, was an insurable one, but it was a conditional interest, and therefore not included in the contract of insurance. *Geiss v. Franklin Insurance Co.*, 123 Ind. 172 (24 N. E. Rep. 99); *Westchester Fire Insurance Co. v. Weaver*, 70 Md. 536 (17 Atl. Rep. 401). The respondent accepted this policy with all its provisions and conditions, and it would be neither reasonable nor equitable to permit her, after she has violated one of its conditions as to a part of the risk, to now assert that this condition only affected that particular portion of the risk to which the breach related. Wood, Fire Ins., § 165. To hold the appellant liable upon this policy would be to impose upon it an obligation which it never agreed to assume, and would be equivalent to making a contract for the parties different from that which they themselves made, and then enforcing it against one of them for the benefit of the other. This the court must decline to do. Insurance companies, like private individuals, have a perfect right to make such contracts in relation to their business affairs as will best subserve their own interests; and contracts with such companies, when voluntarily and freely entered into, are equally binding upon both the assured and the insurer, and, if they are violated by the former, the latter is thereby released from all obligations thereunder.

One of the defenses interposed by the defendant to each of the causes of action set forth in the complaint was, that the plaintiff, for the purpose of securing the amount of the insurance named in the policies, unlawfully and fraud-

ulently caused and procured the property to be burned. No direct and positive evidence was introduced to establish this defense, but certain facts and circumstances were shown tending, to some extent, to sustain it. The court charged the jury generally to the effect that the plaintiff could not recover if she caused or procured or assented to the destruction of the insured property by fire, but refused to charge them, as requested by the defendant, "that fraud may be proved by circumstantial evidence, as well as positive proof. When fraud is charged, as is done in this case, express proof is not required; it may be inferred by strong presumptive circumstances." The court also refused to give the following instruction:

"No. 13. Whenever fraudulent acts are either done or attempted, the parties guilty thereof usually conceal their acts, and the direct and positive proofs thereof rest wholly in the breasts of the guilty parties. In such cases, therefore, the usual and ordinary proof by which such frauds, if fraudulent acts be attempted or done, are established, are the facts and circumstances surrounding the transactions. Such facts and circumstances, in order to be sufficient to establish the fraudulent act or interest in issue in any given case, must be such as will convince the mind of an ordinarily prudent person that the party charged is guilty of such fraud, and such as is not susceptible of any natural and reasonable explanation consistent with the honesty and integrity of such person in respect to the matters in issue."

These requests were pertinent to the evidence and to the issue raised by the pleadings, and substantially embodied the law concerning the effect to be given to circumstantial evidence where fraud is attempted to be proved. 2 Thomp., Trials, § 1978; Lawson, Pres. Ev., p. 100; *Kempner v. Churchill*, 8 Wall. 369. And we think they should have been given, either in substance or as requested, in order to aid the jury in determining a controverted question which they were required to pass upon in arriving at their verdict.

Other alleged errors are relied on by the appellant as grounds for reversing the judgment appealed from, but, as the same questions are not likely to arise upon another trial, it is neither necessary nor profitable to discuss them at this time.    The judgment is reversed, and the cause remanded for a new trial, in accordance with this opinion.

SCOTT, STILES and HOYT, JJ., concur.

DUNBAR, C. J., dissents.