[No. 5299.    Decided January 21, 1905.]

J. Emil Herzog, *Respondent*, v. The Palatine Insur-
ance Company, Limited, of Lincoln, England,
*Appellant*, and Alexander Thompson
*et al., Defendants.*[1]

Appeal—Dismissal—Time of Taking — Judgment — Entry —
Estoppel.   Where the clerk of court makes an informal journal
entry of judgment upon a verdict, and a new trial is denied,
affirming the judgment, the successful party by subsequently
entering a formal judgment is estopped from asserting that the
same is not the final judgment in the case, and an appeal there-
from will not be dismissed because not taken within 90 days from
the date of the clerk's journal entry or from the date of the order
denying the new trial.

Appeal—Immaterial Evidence—When Harmless.   Error can-
not be predicated upon the admission of evidence which was not
material or prejudicial.

Insurance—Apportionment on Specific Articles—Breach of
Policy as to Part—False Statements—Fraud.   The mere fact
that a policy of fire insurance on a hotel building and contents
specifies $200 insurance on a piano when there was no piano in
the building, does not vitiate the policy as to the other items of
the insurance, in the absence of all proof as to how the piano was
included, since fraud will not be presumed, and a breach of the
policy as to one class of property does not avoid the policy as to
the other parts in the absence of fraud, act condemned by public
policy, or increase of risk.

Same—Mistake.   That the piano was included by mistake and
so there was no meeting of the minds of the parties, does not
affect the insurance on the building as to which there was no
mistake.

Same—Proof of Loss—False Swearing.   False swearing in the
proof of loss in order to avoid a policy must relate to material
matters, and the jury's verdict thereon, when supported by testi-
mony, is conclusive.

Insurance—Interest of Insured—Mortgagee of Building—In-
surance on Contents—Failure of Proof as to Interest in

[1]Reported in 79 Pac. 287.

PERSONAL PROPERTY. In an action brought by a mortgagee of a
hotel building upon a policy of fire insurance made payable to
him "as his interest may appear," and calling for $2,000 on the
building and $300 on certain contents, there is a total failure of
proof as to plaintiff's interest in the personal property, where his
mortgage for $2,500 was on the real estate only, and a judgment
for $2,300, will be reduced as excessive to the extent of the $300.

Appeal from a judgment of the superior court for
Pierce county, Huston, J., entered March 11, 1904, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action upon a policy of fire insurance. Modified.

*H. T. Granger,* for appellant. The breach in regard to
the piano rendered the entire policy void. *McWilliams v.
Cascade Fire etc. Ins. Co.,* 7 Wash. 48, 34 Pac. 140;
*Phoenix Ins. Co. v. Pickel,* 119 Ind. 155, 21 N. E. 546,
12 Am. St. 393; *Germania Fire Ins. Co. v. Schild,* 69
Ohio St. 136, 68 N. E. 706; *Planters' Mut. Ins. Co. v.
Loyd* (Ark.), 75 S. W. 725. If the piano was included
by mistake, the minds of the parties never met. *Insurance
Co. v. Young's Administrator,* 23 Wall 85; *Utley v.
Donaldson,* 4 Otto 29; *National Bank v. Hall,* 11 Otto
43; *Goddard v. Monitor etc. Ins. Co.,* 108 Mass. 56, 11
Am. Rep. 307. Respondent had no interest in the insur-
ance on the personal property. *Wilcox v. Mutual Fire
Ins. Co.,* 81 Minn. 478, 84 N. W. 334. The false swear-
ing in the proof of loss avoided the policy. *Knop v. Na-
tional Fire Ins. Co.,* 107 Mich. 323, 65 N. W. 228; *Fow-
ler v. Phoenix Ins. Co.,* 35 Ore. 559, 57 Pac. 421; *Dumas
v. Northwestern Nat. Ins. Co.,* 12 App. D. C. 245;
*Vaughan v. Virginia etc. Ins. Co.* (Va.), 46 S. E. 692.

*Marshall K. Snell* and *Bertha M. Snell,* for respondents.
The appeal was not taken within 90 days from the entry
of judgment, or the order denying a new trial, and should
be dismissed. *Rice Fisheries Co. v. Pacific Realty Co.,* 35

Wash. 535, 77 Pac. 839; *State ex rel. Hennessy v. Huston,*
32 Wash. 154, 72 Pac. 1015; *Hennessy v. Tacoma Smelt-
ing etc. Co.,* 33 Wash. 423, 74 Pac. 584; *Prospectors' De-
velopment Co. v. Brook,* 32 Wash. 315, 73 Pac. 376;
*Quareles v. Seattle,* 26 Wash. 226, 66 Pac. 389; *Barthrop
v. Tucker,* 29 Wash. 666, 70 Pac. 120; 2 Ency. Plead. &
Prac., p. 241. The journal entry was a final judgment.
18 Ency. Plead. & Prac., p. 431; *Lanier v. Richardson,*
72 Ala. 134; Freeman, Judgments, (3d ed.), §50; 1 Black,
Judgments, p. 129; *Hays v. Dennis,* 11 Wash. 360, 39
Pac. 658; *Harvey v. Whitlatch,* 1 Mont. 713; *Lynch v.
Rome Gas Light Co.,* 42 Barb. (N. Y.) 591. Appel-
lants' application for an extension of time to file a
statement of facts shows their actual notice of the judg-
ment. *Zindorf Const. Co. v. Western Am. Co.,* 27 Wash.
31, 67 Pac. 374; *Braely v. Marks,* 13 Wash. 224, 43 Pac.
27; *McQuesten v. Morrill,* 12 Wash. 335, 41 Pac. 56.
Whether the false swearing was intentional or material
was properly left to the jury. *Sanford v. Royal Ins. Co.,*
11 Wash. 653, 40 Pac. 609; *Dooly v. Hanover Fire Ins.
Co.,* 16 Wash. 155, 47 Pac. 507, 58 Am. St. 26; *Washing-
ton Mills etc. Co. v. Weymouth etc. Co.,* 135 Mass. 503;
*Arthur v Palatine Ins. Co.,* 35 Ore. 27, 57 Pac. 62; *Fow-
ler v. Phoenix Ins. Co.,* 35 Ore. 559, 57 Pac. 421; *Man-
chester Fire Assur. Co. v. Abrams,* 89 Fed. 932; *Ley v.
Metropolitan Life Ins. Co.,* 120 Iowa 203, 94 N. W. 568;
*Miller v. Delaware Ins. Co.* (Okl.), 75 Pac. 1121.

RUDKIN, J.—On the 19th day of August, 1901, the de-
fendant, the Palatine Insurance Company, Limited, issued
to the defendants Thompson, Hill, and Shreeder its cer-
tain policy of insurance for $2,500, distributed as follows:

$2,000 on a certain hotel building, $300 on the furniture and fixtures, and $200 on the piano, all while contained in the hotel building. The policy was written without any written application therefor, and the loss, if any, was made payable to the plaintiff Herzog "as his interest might appear." On the 10th day of August, 1902, and during the life of the policy, the hotel building and furniture were destroyed by fire. At the time of the insurance, and at the time of the destruction of the property, the plaintiff held a mortgage on the hotel building to secure a sum in excess of $2,500, due from the defendants Thompson, Hill, and Shreeder on account of the purchase price of the property. The amended complaint, on which the action was tried, set out the policy, the destruction of the property by fire, and the refusal of the insurance company to pay the loss. The amended complaint further alleged, that, some time prior to the issuance of the policy, one Amy, president of the Fidelity Rent and Collection Company, the agent of the defendant insurance company, solicited the defendants Thompson, Hill, and Shreeder to write insurance on said property; that it was the intent and understanding of the plaintiff and the defendants Thompson, Hill, and Shreeder that the $2,500 insurance on the property should be apportioned as follows: $2,000 on the hotel building, and $500 on the furniture and fixtures therein contained, which intent and understanding were well known to the defendant insurance company, through its agent; that the plaintiff relied upon the defendant insurance company to so write the policy of insurance, but that the insurance company did, through its agent, write the policy of insurance distributing the same as hereinbefore stated, though the said Thompson, Hill, and Shreeder owned no piano at the time of the issuance of the policy, did not intend to insure a

piano, and no piano was in the building at the time of its destruction; that no loss was ever claimed on account of the piano; and that the insured did not discover that a piano was actually included within the policy until after the destruction of the property, for the reason that the policy was turned over to the attorney for the plaintiff immediately upon its issuance, to be held with the other securities against the property.

After denying portions of the complaint, the answer of the insurance company alleged affirmatively, first, that the policy contained a provision that "this entire policy shall be void if the interest of the insured in the property be not truly stated herein;" that the piano referred to was not the property of the insured, and was placed in the building, at, or shortly after, the date of insurance, and contained therein until about Decemebr 19, 1901, and that, by reason of these facts, the entire policy became void; second, that the policy contained the further provision that "this entire policy shall be void in the case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss;" that, in the proofs of loss furnished to defendant insurance company on the 19th day of August, 1902, the defendants Thompson, Hill, and Shreeder claimed, under oath, that they were the owners of the piano insured, and that it was saved from the hotel building, which statements were knowingly and wilfully false; and third, that the property insured was wilfully and wrongly destroyed by the insured. The last affirmative defense is abandoned in this court. A verdict in favor of the plaintiff for $2,376 was returned, and from the judgment entered thereon the defendant insurance company appeals.

### On Motion to dismiss.

The respondent, Herzog, moved to dismiss the appeal, for the reason that the same was not prosecuted within the time limited by law. The verdict was returned and filed in the court below on February 11, 1904. The clerk's record of that day shows the following entry: "Judgment entered on verdict by clerk of the court." February 19th an order was entered overruling a motion for a new trial, and affirming the judgment on the verdict. March 10th a formal judgment was prepared by counsel for respondent, signed by the trial judge, and entered of record. We will not discuss the question whether the meager entry made by the clerk, or the informal order of the court denying the motion for a new trial, constitutes a final judgment from which an appeal might be taken. We think that, when the respondent entered the formal judgment of March 10th, he forever estopped himself to assert that it was not the final judgment in the cause from which the appeal should be prosecuted. It matters not whether this judgment was entered on the 10th or 11th of March. The judgment is otherwise sufficiently described in the notice of appeal. The motion to dismiss is therefore denied.

### On the Merits.

The first and second assignments of error relate to the admission and exclusion of evidence. A reference to the transcript fails to show that the court made the ruling complained of in the first assignment. The court allowed considerable latitude in the cross-examination of the witness Spalt, referred to in the second assignment, but the answer to the question objected to was immaterial and not prejudicial. The other assignments may be grouped

under three heads: (1) The effect of including the piano in the policy, under the circumstances stated; (2) the effect of the false statements made in the proofs of loss; and (3) was the verdict excessive?

(1) The record fails to show how a piano came to be included in the policy. The agent who wrote the insurance died prior to the trial below, and the court, on motion of the appellant insurance company, struck from the record all testimony of other parties relating to their transactions with the deceased agent. In the absence of all proof, the court must, therefore, assume that the piano was included in the policy by mistake and not by design, as fraud will not be presumed under such circumstances. The appellant takes the broad ground that the simple fact that the piano was included in the policy, and was not owned by the insured, without more, avoids the entire policy, and cites us to the case of *McWilliams v. Cascade Fire Ins. Co.,* 7 Wash. 48, 34 Pac. 140. We cannot uphold this contention, and the case cited does not sustain it. In the *McWilliams* case the piano was knowingly and wilfully insured by the plaintiff, though she knew at the time that she was not the owner thereof. · This was a fraud upon the insurance company, and it may be that a contract of this kind, which is fraudulent in part, is void *in toto,* but this question is not now before us, and we express no opinion thereon. The rule established by the great weight of authority, and the rule which we believe to be the correct one in such cases, is this: Where a policy of insurance is issued, covering different classes of property, and each class is insured for a specific sum, a breach of the contract of insurance as to one or more classes ·does not avoid the policy as to the other classes not affected by the breach, in the absence of fraud, act

condemned by public policy, or an increase of risk on the whole property insured, by reason of the breach as to a part. See, *German Ins. Co. v. York.*, 48 Kan. 488, 29 Pac. 586, 30 Am. St. 313; *Miller v. Delaware Ins. Co.* (Okl.), 75 Pac. 1121, and the numerous cases cited in the opinion of the court, all supporting the rule here announced. For the reason already stated, no fraud was shown in this case, no rule of public policy was violated, and the risk on the hotel building and furniture was in no manner increased or affected by the inclusion of the piano in the policy. It is further argued that, if the piano was included in the policy by mistake, then there was no meeting of the minds of the parties and therefore no contract. This argument cannot apply to the insurance on the hotel building in relation to which there was no mistake, and for reasons hereinafter stated that is the only question now before this court.

(2) False swearing to proofs of loss, in order to avoid a policy, must relate to material matter, and the false statements must be wilfully or carelessly made. All the circumstances attending the preparation and signing of the proofs of loss in this case were before the jury, their verdict is supported by the testimony, and is conclusive upon this court. For these reasons the demurrer to the amended complaint was properly overruled, and the challenges to the sufficiency of the testimony were properly denied.

(3) We are constrained to hold, however, that the verdict in this case was excessive. The policy was made payable to the respondent *as his interest might appear*. He had no interest in, or lien upon, the furniture and fixtures. His mortgage covered the hotel building, only, and his interest therein was the amount of his mortgage

debt, which exceeded the $2,000 insurance thereon. There was, therefore, a total failure of proof, so far as concerns his claim to the insurance on the personal property. *Wilcox v. Mut. Fire Ins. Co.,* 81 Minn. 478, 84 N. W. 335. Counsel for the respondent apparently concede this, but they urge that the rule does not apply in this case for two reasons; first, because the defendants Thompson, Hill, and Shreeder in their answer admit that the respondent is entitled to recover the full amount of the policy; second, because the point was not raised in the court below. It is scarcely necessary to say that the admissions in the answer of the defendants Thompson, Hill, and Shreeder do not bind the appellant insurance company, nor supply fatal defects in the proof as against the insurance company. We further think that the point was sufficiently raised in the court below, first, by an exception to the instruction of the court authorizing a verdict in favor of the respondent, Herzog, in the full sum of $2,300; and second, by the motion for a new trial on the ground that the verdict was excessive. The appeal from the final judgment brings up for review the order denying the motion for a new trial. For the reason last stated, the judgment of the court below is reversed, and the cause remanded, with directions to enter a judgment in favor of the plaintiff, against the defendant insurance company, for the sum of $2,000, with legal interest thereon from the 29th day of October, 1902, and for costs in that court. The appellant will recover its costs on this appeal.

MOUNT, C. J., and FULLERTON, HADLEY, and DUNBAR, JJ., concur.