No. 39,859

L. W. LANDIS, *Appellant,* v. MOTORS INSURANCE CORPORATION, a Corporation, *Appellee.*

(289 P. 2d 90)

Opinion filed November 12, 1955.

*R. Bowland Ritchie,* of Wichita, argued the cause and was on the briefs for the appellant.

*Kenneth H. Hiebsch,* of Wichita, argued the cause and *Milton Zacharias, Richard A. Render,* and *Albert L. Kamas,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an action on an automobile collision insurance policy to recover money for a collision loss, claimed to have been covered by the terms of such policy. The plaintiff appeals from an adverse judgment.

The cause was tried by the district court on the pleadings and stipulated facts. The stipulation contains all evidence presented in the court below and is in such form that it can be used as a factual statement. Omitting formal averments of no consequence it reads:

"That on November 7, 1952, the Plaintiff was the owner of a 1949 Ford two ton truck, bearing serial number 98RT154877 and consisting of a chassis with motor, a cab, and a permanently attached dump body, the latter being also described as a platform and grain sides.

"That on November 7, 1952, the Defendant in return for the Plaintiff's payment of one year's premium in the amount of $52.05, issued to the Plaintiff a policy of insurance, No. 48A-46371, a true copy of which is attached to Plaintiff's Bill of Particulars and designated as Exhibit 'A'.

"That on January 21, 1953, the Plaintiff paying a cash difference traded the 1949 Ford, except for the dump body, to the Evans Motor Company in exchange for a 1951 Dodge unit consisting of a chassis with motor and a cab. The dump body was at that time removed from the Ford and thereupon permanently attached to the Dodge. On the date of this trade, the Plaintiff assigned the Certificate of Title on the Ford to the Evans Motor Company and thereafter Plaintiff had no ownership or interest of any kind in the Ford.

"The Plaintiff at no time after January 21, 1953, and prior to October 26, 1953, gave the Defendant notice of the fact that he had disposed of the Ford and secured the Dodge in a trade and the Defendant had no actual notice of these facts.

"The Dodge with the dump body attached, was involved in a collision on October 22, 1953, within a fifty mile radius of the City of Wichita. The dump body sustained damages in the total amount of $325.00.

"Notice of the loss was given the Defendant on October 26, 1953, and due proof of loss filed thereon on December 28, 1953. Defendant has refused to pay anything under the policy, but prior to the institution of this action tendered to the Plaintiff its check for $36.90 as unearned premium. In the event the policy was not in effect as to the dump body at the time of the collision, the unearned premium from February 20, 1953, to November 7, 1953, is $36.90."

According to the record presented the insurance policy in question insured plaintiff against collision damage to an automobile from November 7, 1952, to November 7, 1953, describing such automobile as a "Used Ford 1949 2 Ton Truck with Platform & Grain Sides." It then provided that insurance was afforded only with respect to such and so many coverages as were indicated by specific premium charge or charges and specified the premium was $44.00; the coverage was collision or upset; and liability was limited to actual cash value, less $50.00 deductible.

Other provisions of such policy appearing of record read:

"Coverage E—Collision or Upset

"To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto.

. . . . . . . . . . . . .

"IV Automatic Insurance for Newly Acquired Automobiles

"If the insured who is the owner of the automobile acquires ownership of another automobile and so notifies the company within thirty days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date:

"(a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile, or

. . . . . . . . . . . . . . . .

"This insuring agreement does not apply: (a) to any loss against which the insured has other valid and collectible insurance . . .

". . . The insurance terminates upon the replaced automobile on such delivery date.

"Exclusions

"This policy does not apply: (b) under any of the coverages, while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy;

"Page 1.

"This policy applies only to direct and accidental losses to the automobile which are sustained during the policy period, while the automobile is within the United States of America . . .

. . . . . . . . . . . . . . . .

"Conditions

"10. Automobile defined; . . .

"Except where specifically stated to the contrary, the word 'automobile' wherever used in this policy shall mean the motor vehicle, . . . described in this policy. The word 'automobile' shall also include its equipment and other equipment permanently attached thereto."

After submission of the cause, in the manner heretofore indicated, the trial court found generally in favor of the defendant, returning conclusions of law which read:

"The Court concludes as a matter of law that when the dump body was detached from the Ford motor vehicle and permanently attached to the Dodge truck, the dump body ceased to be covered by the policy of insurance. That when the Ford was disposed of without notice within thirty-one days of the date of the trade of the vehicles, the insured lost his insurance on the Ford truck and all its equipment covered by the policy.

"The contract of insurance is indivisible and inseparable and when the insurance is lost on the principal thing insured it is also lost on the equipment attached.

"That the plaintiff should have judgment against the defendant for the unearned premium in the amount of $36.90 and for court costs."

Following the foregoing action plaintiff filed a motion for a new trial. This motion was overruled and thereafter the trial court rendered judgment in accord with its findings. Thereupon plaintiff perfected the instant appeal wherein the only error charged that is entitled to appellate review is that the court erred in holding the truck body was not covered by insurance at the time of the collision.

All contentions advanced by appellant on appeal revolve around the proposition that the dump body of his Ford truck (described in

the contract as the "Platform & Grain Side") was independently insured under the terms of the insurance policy because it was permanently attached to that vehicle when such policy was issued, therefore the body having been once insured continued to be insured after the Ford chassis was exchanged for the Dodge truck and the dump body placed thereon. Boiled down, conceding the automobile described in the policy as a "Used Ford 1949 2 Ton Truck with Platform & Grain Side" was insured under the terms of such policy for its actual cash value with a single premium of $44.00, appellant's claim is that the insurance contract was separable and not indivisible, hence he could recover for the dump body even though the insurance on the chassis had terminated by reason of his failure to give the notice required by section IV of the policy. Unfortunately for appellant his claim respecting the legal status of the contract flies in the face of the well-established rule, long since approved in our own (*Insurance Co. v. Johnson,* 69 Kan. 146, 76 Pac. 419) and in foreign (1 Couch on Insurance p. 455 § 210; 44 C. J. S., Insurance, pp. 1285, 1286 § 336; 45 C. J. S., Insurance, p. 287 § 545; 29 Am. Jur., Insurance, pp. 198, 201 §§ 183, 187) jurisdictions, that where insured property is so situated that the risk of one item cannot be affected without affecting the risk of the other the insurance policy must be construed as entire and indivisible. For other Kansas cases wherein the same principle is recognized by implication see *Insurance Co. v. York,* 48 Kan. 488, 29 Pac. 586; *Insurance Co. v. Ward,* 50 Kan. 346, 31 Pac. 1079; *Insurance Co. v. Saindon,* 53 Kan. 623, 36 Pac. 983.

Application of the foregoing rule to the facts of this case leads to the inescapable conclusion that the involved policy, when read in its entirety, must be construed as indivisible and not severable. It follows that when appellant disposed of the Ford truck without notice to the appellee company within thirty-one days from the date he traded such vehicle for the Dodge truck, as required by the automatic extended insurance provision (section IV) of the policy if insurance under its provisions were to remain in force and effect, he lost his insurance on the Ford truck and the equipment covered by the terms of that contract.

The judgment is affirmed.